947 F.2d 955
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jack R. WILLIAMS, Plaintiff-Appellant,
v.
Louis SULLIVAN, Secretary of Health & Human Services,
Defendant-Appellee.
 No. 91-6083.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1991.
 
 Before McKAY, Chief Judge, EBEL, Circuit Judges, and SAFFELS,* District Judge.
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant, Jack R. Williams, appeals the district court's Order of January 16, 1991, affirming the decision of the Secretary of Health and Human Services to deny Claimant's request for social security benefits. Claimant filed his application for Title II benefits on January 22, 1988, alleging disability since June 15, 1983, resulting from limited vision. Claimant does not contest the district court's finding that he last met the insured status requirements of the Social Security Act on December 31, 1988. District Court Order, Appellant App. at 10.
 
 
 3
 Claimant's request for benefits was denied initially and on reconsideration. After a de novo hearing, the administrative law judge (ALJ) also denied Claimant's request. The Appeals Council denied review of the ALJ's decision. Claimant filed his Complaint in federal district court on February 21, 1990, seeking review of the decision denying him benefits. The district court affirmed the agency decision.
 
 
 4
 The Secretary has established a five-step evaluation process pursuant to the Social Security Act for determining whether a claimant is disabled within the meaning of the Act. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988) (describing five steps in detail). If, at any step in the process, it is determined that a claimant is or is not disabled, the process stops. See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 801 (10th Cir.1991).
 
 
 5
 In this case, the ALJ reached step four of the analysis, concluding that Claimant was capable of returning to his past relevant work. Alternatively, reaching step five, the ALJ also found that Claimant could perform other substantial gainful employment available in the national economy. Under either analysis, the ALJ found that Claimant was not disabled, a conclusion affirmed by the district court. On appeal, Claimant presents three issues: 1) did the ALJ err in concluding Claimant could return to his past relevant work, 2) did the ALJ err in determining Claimant could perform other available jobs, and 3) did the ALJ properly evaluate the evidence regarding Claimant's alleged pain?
 
 
 6
 When the Appeals Council denied Claimant's request to review the ALJ's decision, the ALJ's decision became the final decision of the Secretary for appeal purposes. See Williams, 844 F.2d at 749. We review the Secretary's decision to determine whether his findings are supported by substantial evidence in the record and whether he applied the correct legal standards. Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). Evidence is not substantial if it is merely conclusory or overwhelmed by other evidence. Ellison v. Sullivan, 929 F.2d 534, 536 (10th Cir.1990). Failure to apply correct legal standards or to provide the appellate court with a sufficient basis to determine whether those standards have been properly applied is grounds for reversal. See Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir.1984).
 
 
 7
 Claimant first takes issue with the ALJ's determination that he could return to his past relevant work, arguing that the ALJ "wholly ignored" Claimant's "significantly limiting psychiatric condition" and his "severe ulcer condition." At the Secretary's request, Claimant underwent both psychological and psychiatric testing. Claimant also employed a psychiatrist who tested Claimant and testified at the de novo hearing. Review of the record on appeal indicates that, while evidence of Claimant's anxiety and depression is documented, substantial evidence supports the ALJ's determination that these conditions are not severe and do not affect Claimant's ability to function.
 
 
 8
 Claimant has an extensive history of treatment for ulcers and related stomach pain. Claimant argues that "[t]he ALJ ignored the relationship between [Claimant's] severe digestive problems and the amount of stress required to perform [Claimant's] past relevant work...." Brief of Appellant at 9. We agree. The ALJ's opinion addressed Claimant's ulcer condition as follows:
 
 
 9
 The claimant has had some problems with ulcers and has been treated therefor and occasionally those have reacted on him. On those occasions, it has been painful. He has been hospitalized and responded well to treatment. He does not complain of pain otherwise as a general rule. Further, the claimant's daily activities, historical accounts provided by physicians, and the claimant's own statements with regard to his daily activities clearly show that he is not restricted by pain or discomfort from engaging in basic work-related functions.
 
 
 10
 ALJ Decision, Appellant Supp.App. at 7.
 
 
 11
 Subsequently, the ALJ concluded that Claimant could return to his past relevant work. In reaching this conclusion, we believe the ALJ improperly applied the legal standards, by ignoring the possible effects of work-related stress on Claimant's ulcers. At the hearing, the ALJ discussed the stressful effects of Claimant's job:
 
 
 12
 He was in a position before where he had the supervision responsibility of--for 45 men. And that was really bugging his ulcers and it really got to him. And I'm accepting that as a fact. I mean when you've got a lot of responsibility, the acid in your stomach just dumps in there.
 
 
 13
 In dismissing Claimant's ulcers as disabling or restrictive of his job-related functions, the ALJ focused on Claimant's daily activities and his response to treatment for ulcers some five years after he had left his job. Because the ALJ failed to consider the effect of job-related stress on his ulcer condition, ignoring pertinent evidence in the record, the ALJ's determination that Claimant could return to his past relevant work is reversed. In light of our further disposition, we remand this case to the Secretary for further consideration.
 
 
 14
 Claimant also argues that the ALJ gave no weight to his treating physician's opinion that his ulcer condition was chronic, painful, and "disabling." Although the district court's opinion summarizes evidence which may contradict the conclusions of Claimant's treating physician, the ALJ failed to mention this evidence. Substantial weight should be given a treating physician's opinions. iWilliams, 844 F.2d at 758. If, on remand, the Secretary believes the opinion of Claimant's treating physician should be disregarded, he should provide specific and legitimate reasons for doing so. Id.[1]
 
 
 15
 Because the ALJ proceeded to step five as an alternative basis for denying Claimant's application, we do likewise. If it is determined that a claimant is not able to return to his past relevant work, the burden shifts to the Secretary to show that the claimant can perform other jobs available in the national economy. The Secretary must consider the claimant's residual functioning capacity, age, education, and work experience. See Williams, 844 F.2d at 751.
 
 
 16
 Claimant argues that the ALJ erred in finding he could perform other jobs in the national economy because the ALJ failed to properly consider Claimant's age. During the vast majority of the time period for which Claimant requests benefits, he was over age fifty-five, a person of advanced age pursuant to 20 C.F.R. § 404.1563(d). At the time of Claimant's hearing, he was sixty years old, a person close to retirement age under 20 C.F.R. § 404.1563(d). We agree that the ALJ failed to apply the proper standards required by this regulation.
 
 
 17
 To satisfy his burden at step five with regard to a person both of advanced age and close to retirement age who cannot perform medium work, the Secretary cannot simply identify alternative jobs that Claimant could perform. 20 C.F.R. § 404.1563(d) requires that he consider whether 1) Claimant's skills are transferable, and 2) Claimant's skills are highly marketable. Emory v. Sullivan, 936 F.2d 1092, 1094 (10th Cir.1991). The ALJ made no findings regarding Claimant's residual functioning capacity for medium work, or the marketability or transferability of his skills.
 
 
 18
 We disagree with Appellee that testimony in the record evidences Claimant's skills as highly marketable. In our opinion, it supports the opposite proposition. Nonetheless, the ALJ's failure to make a finding " 'forecloses the possibility of finding that substantial evidence supports the Secretary's decision.' " Id. at 1095 (quoting Varley v. Secretary of Health & Human Servs., 820 F.2d 777, 781 (6th Cir.1987)). In light of the ALJ's failure to consider the effect of Claimant's age as required by 20 C.F.R. § 404.1563, the ALJ's finding that Claimant could perform other jobs available in the national economy is reversed. If, on remand, the Secretary reaches step five of the evaluation process, he should consider 20 C.F.R. § 404.1563 and make findings in connection therewith.
 
 
 19
 Finally, Claimant contends the ALJ ignored his allegations of pain. While we do not reach this issue in light of our remand on Claimant's first two issues, we note that the ALJ's opinion appears to contradict evidence in the record on appeal without explanation, and appears to focus unduly on Claimant's ability to perform his daily activities. In considering Claimant's allegations of pain, a nonexertional limitation, the Secretary should consider the medical evidence, whether an appropriate nexus exists to the alleged pain, and, finally, Claimant's credibility. See Williams, 844 F.2d at 753.
 
 
 20
 Additionally, we again note the period of time for which Claimant can apply for benefits, namely June 15, 1983, through December 31, 1988. It is now almost three years after Claimant's eligibility for benefits terminated. On remand, the Secretary should keep that time period in mind in making additional findings.
 
 
 21
 For the foregoing reasons, the judgment of the United States District Court for the Western District of Oklahoma is REVERSED. The cause is REMANDED to the district court for further proceedings consistent with this order & judgment.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Appellee contends the ALJ "properly rejected this physician's opinion." Our review of the ALJ's opinion fails to reveal any support for this statement