Amos EMORY, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary
of Health and Human Services,
Defendant–Appellee.

No. 90–7065.

United States Court of Appeals,
Tenth Circuit.

June 17, 1991.

Paul F. McTighe, Jr., Tulsa, Okl., for
plaintiff-appellant.

John W. Raley, Jr., U.S. Atty., Sheldon J. Sperling, Asst. U.S. Atty., Muskogee, Okl., Gayla Fuller, Chief Counsel, Region VI, Karen J. Sharp, Chief, Social Sec. Branch, and Toni Schoemann, Asst. Regional Counsel, Office of Gen. Counsel, U.S. Dept. of Health and Human Services, Dallas, Tex., for defendant-appellee.

Before McKAY, SETH and SEYMOUR, Circuit Judges.

SETH, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant appeals the district court's order of July 17, 1990, affirming the decision of the Secretary of Health and Human Services to deny claimant's request for social security benefits. The issues on appeal are twofold. First, whether the Secretary's determinations that claimant can perform his past relevant work as a carpentry supervisor or foreman and that claimant can perform other light or sedentary work are supported by substantial evidence. Second, whether the Secretary applied the correct legal standards when evaluating claimant's ability to do other work.

Claimant filed his application for disability insurance and supplemental security income benefits on April 27, 1987, alleging he had been disabled since June 10, 1986, due to problems with his right lung, high blood pressure, and his heart. Claimant's request for benefits was denied administratively. After a de novo hearing, the administrative law judge (ALJ) also denied claimant's request for benefits. Claimant sought review before the Appeals Council, which remanded the action to the ALJ. The Appeals Council instructed the ALJ to obtain vocational testimony on claimant's ability to continue his past relevant work around the dust and debris associated with construction materials.

After a second hearing at which both claimant and a vocational expert testified, the ALJ again denied claimant's request for benefits. The ALJ found that claimant could perform his past relevant work provided he used a protective mask or in the alternative the claimant could perform other light and sedentary jobs identified by the vocational expert. The Appeals Council denied claimant's request for review, so the ALJ's decision became the final decision of the Secretary.

We review the Secretary's decision to determine whether his findings are supported by substantial evidence in the record and whether he applied the correct legal standards. *Pacheco v. Sullivan*, 931 F.2d 695, 696 (10th Cir.1991). "Evidence is not substantial if it is overwhelmed by other evidence or if it is actually mere conclusion." *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir.1990). Furthermore, the " '[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal.' " *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir.1984) (quoting *Smith v. Heckler*, 707 F.2d 1284, 1285 (11th Cir.1983)).

■ Claimant argues that the Secretary's determination that claimant can return to his past relevant work is not supported by substantial evidence. We agree.

The record shows that claimant's past relevant work exposed him to respiratory irritants. The Secretary specifically found that claimant had a lung condition that would prevent him from working around respiratory irritants without sufficient protection. The Secretary then found that claimant could do his past relevant work despite his lung condition, because "he could use protective devices such as a mask when he had to be around dust." Rec. Vol. II at 10. The record, however, contains absolutely no evidence about the use or effectiveness of protective devices. Without such evidence, one cannot assume that a protective mask would be effective against the broad range of irritants associated with construction work. Therefore,

the Secretary's finding that claimant can perform his past relevant work by using a protective device is not supported by substantial evidence.

■ If a claimant cannot perform his past relevant work, the burden shifts to the Secretary to establish that the claimant can perform other work in the national economy, considering the claimant's residual functional capacity, age, education, and work experience. *See Williams v. Bowen,* 844 F.2d 748, 751 (10th Cir.1988).

■ Claimant contends that the Secretary's determination that claimant can perform other work must be reversed for two reasons: the Secretary failed to apply the correct legal standards, and his determination is not supported by substantial evidence. At issue is the Secretary's evaluation of claimant's age as a vocational factor.

·Claimant was 61 when his disability allegedly began and was almost 64 when the Secretary made his final decision denying claimant benefits. He is now about 66 years old. Thus, claimant was both a person of advanced age (55 or over) and a person close to retirement age (60–65) at all times pertinent to the Secretary's inquiry. *See* 20 C.F.R. § 404.1563(d).

"[T]he Secretary faces a more stringent burden when denying disability benefits to older claimants." *Terry v. Sullivan,* 903 F.2d 1273, 1275 (9th Cir.1990). Advanced age is considered "the point where age significantly affects a person's ability to do substantial gainful activity." 20 C.F.R. § 404.1563(d). "Accordingly, it is not enough that persons of advanced age are capable of doing unskilled work; to be not disabled, they must have acquired skills from their past work that are transferable to skilled or semi-skilled work." *Terry v. Sullivan,* 903 F.2d at 1275.

In evaluating whether a claimant who is closely approaching retirement age is disabled, the Secretary cannot find that the claimant's skills are transferable to light or sedentary work unless there is "very little, if any, vocational adjustment required in terms of tools, work processes, work set-

tings, or the industry," 20 C.F.R. Part 404, Subpt. P, App. 2, Rules 201.00(f) and 202.-00(f), and the claimant's skills are "highly marketable," *id.* at § 404.1563(d).

Claimant argues that the Secretary failed to consider whether claimant's skills are highly marketable. While we have never addressed this issue, our sister circuits have uniformly held that when the claimant is close to retirement age, the Secretary must specifically evaluate the marketability of his skills in deciding whether they are transferable. *See Pineault v. Secretary of Health & Human Servs.,* 848 F.2d 9, 11 (1st Cir.1988); *Varley v. Secretary of Health & Human Servs.,* 820 F.2d 777, 781–82 (6th Cir.1987); *Renner v. Heckler,* 786 F.2d 1421, 1424–25 (9th Cir.1986); *Tom v. Heckler,* 779 F.2d 1250, 1256–57 (7th Cir.1985).

The Secretary argues that the ALJ did consider the marketability of claimant's skills. He maintains that "implicit in the testimony of the vocational expert was his opinion that appellant's skills were highly marketable," and that "it is enough if the ALJ articulates the 'approximate number and locations of jobs for which he finds [appellant] has transferable skills to support a conclusion that despite h[is] age [appellant] would be competitive in the job market for those positions.'" Brief of Appellee at 23, 24 (quoting *Renner v. Heckler,* 786 F.2d at 1425). We disagree.

Although the term "highly marketable" is not expressly defined in the regulations, the regulations and the Secretary's rulings shed some light on its meaning. First, the regulations specifically recognize that "age affects [a claimant's] ability to adapt to a new work situation and to do work in competition with others." 20 C.F.R. § 404.1563(a). Their structure reflects that as a claimant grows older, his age will progressively offset his acquired skills so that by the time he is close to retirement age, unless his skills are highly marketable, he may not be able to obtain any employment. *See Varley v. Secretary of Health & Human Servs.,* 820 F.2d at 782; *Renner v. Heckler,* 786 F.2d at 1425.

Second, the Secretary has ruled that claimants who are of advanced age and are limited to sedentary work or are close to retirement age and are limited to light work

> cannot be expected to make a vocational adjustment to substantial changes in work simply because skilled or semi-skilled jobs can be identified which have some degree of skill similarity with their [past relevant work]. In order *to establish transferability of skills* for such individuals, *the* semiskilled or skilled *job duties of their past work must be so closely related to other jobs* which they can perform *that they could be expected to perform* these other identified jobs *at a high degree of proficiency with a minimal amount of job orientation.*

*Disability—Transferable skills; applicability under Medical–Vocational Guidelines,* Soc.Sec. Ruling 82–41, [March 1982–Feb. 1983 Transfer Binder] Unempl.Ins. Rep. (CCH) ¶ 14,168 at 2199–46 (July 1982) (emphasis added).

The vocational expert who testified at the second hearing identified two light, semiskilled jobs and four sedentary, semi-skilled jobs that he believed claimant could perform in addition to his past relevant work (which was primarily light and skilled). When asked by claimant's counsel whether claimant's age would compromise any of the jobs identified, the expert responded: "These jobs that I have mentioned *are not within a close proximity of the work that he has done previously* as a building consultant or a foreman, construction." Rec. Vol. II at 73–74 (emphasis added). Thus, the vocational expert's own testimony contradicts the Secretary's contention that the expert implicitly found claimant's skills to be highly marketable. Moreover, "[a] finding that [claimant's] transferable skills are highly marketable is required even though the Secretary relied on the testimony of the vocational expert." *Varley v. Secretary of Health & Human Servs.,* 820 F.2d at 781.

Both the Seventh and the Ninth Circuits have indicated that when the marketability of the claimant's skills is at issue, the Sec-retary should at least recite the approximate number and location of jobs the claimant is capable of performing in his decision. *See Renner v. Heckler,* 786 F.2d at 1425; *Tom v. Heckler,* 779 F.2d at 1257. Here, the Secretary did recite the vocational expert's testimony about the number of jobs available within a 150–mile radius that he believed claimant could perform, but did not specifically discuss the marketability of claimant's skills or even cite the relevant legal standards. Because the record does not otherwise reflect whether the Secretary actually considered the marketability of claimant's skills, the Secretary's recitation of the number and location of available jobs is not sufficient to demonstrate that he applied the correct legal standard and found claimant's skills to be highly marketable. "[T]he absence of a finding that [claimant's] skills are highly marketable forecloses the possibility of finding that substantial evidence supports the Secretary's decision." *Varley v. Secretary of Health & Human Servs.,* 820 F.2d at 781.

■ "In reversing the Secretary's determination, it is within our discretion to remand to the Secretary for a further hearing or direct the district court to award benefits." *Dixon v. Heckler,* 811 F.2d 506, 511 (10th Cir.1987). Claimant is now 66 years old, and it has been four years since he applied for benefits. The Secretary has not shown any good reason why he failed to consider whether claimant's skills are highly marketable even though his own regulations require him to do so. Moreover, in light of the vocational expert's testimony that the jobs he identified are not closely related to claimant's previous work, we doubt that the Secretary could sustain his burden of proving that claimant's skills are highly marketable if we were to remand for further proceedings. Under these circumstances, we decline to remand for a further hearing. *See id.; Terry v. Sullivan,* 903 F.2d at 1280; *Allen v. Bowen,* 881 F.2d 37, 43–44 (3d Cir.1989).

The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the action is

REMANDED with directions to remand to the Secretary for the award of benefits.