951 F.2d 1260
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John L. TURNER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-6129.
 United States Court of Appeals, Tenth Circuit.
 Dec. 12, 1991.
 
 Before STEPHEN H. ANDERSON, and BRORBY, Circuit Judges, and BARRETT, Senior Circuit Judge.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant John Turner appeals the district court's order of January 29, 1991, affirming the decision of the Secretary of Health and Human Services to deny Claimant's request for social security benefits. Claimant filed his applications for disability benefits and supplemental security income benefits on March 5, 1986, alleging disability since October 1, 1985, resulting from tendon and nerve damage to his left hand.
 
 
 3
 Claimant's request for benefits was denied initially and on reconsideration. After a de novo hearing, the administrative law judge (ALJ) also denied Claimant's request. The Appeals Council denied review, and Claimant appealed to the district court. Following a remand for further proceedings, a second hearing was held. The ALJ again denied Claimant's request in a decision subsequently adopted by the Appeals Council. On appeal, the district court affirmed that decision.
 
 
 4
 The Secretary has established a five-step evaluation process pursuant to the Social Security Act for determining whether a claimant is disabled within the meaning of the Act. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988) (describing five steps in detail). If, at any step in the process, it is determined that a claimant is or is not disabled, the process stops. See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 801 (10th Cir.1991).
 
 
 5
 In this case, the ALJ reached step five of the analysis, concluding that, while Claimant could not return to his past relevant work, he could perform other substantial gainful employment available in the national economy and, therefore, Claimant was not disabled. When the analysis reaches step five, the Secretary bears the burden of showing that a claimant retains the capacity to perform other work and that such work exists in the national economy in significant numbers. See Williams, 844 F.2d at 751; Josefowicz v. Heckler, 811 F.2d 1352, 1354-55 (10th Cir.1987). On appeal, Claimant argues 1) the ALJ's findings are not consistent and therefore confusing, 2) the jobs the ALJ determined Claimant could perform do not meet the "significant numbers" requirement, 3) the ALJ failed to make a finding and discuss Claimant's occupational base, and 4) the ALJ improperly considered Claimant's alleged mental impairment.
 
 
 6
 Our review of the Secretary's determination that a claimant is not disabled within the meaning of the Social Security Act is limited to whether the record as a whole contains substantial evidence to support the decision, and whether the Secretary applied the proper legal standards. See Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir.1991). The Secretary's findings stand if supported by evidence that a reasonable mind might accept as adequate. See Pacheco v. Sullivan, 931 F.2d 695, 697 (10th Cir.1991) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).
 
 
 7
 Based on our careful review of the entire appellate record, including two lengthy and detailed decisions by the ALJ, a detailed and comprehensive opinion by the district court, and the parties' briefs, we agree with the district court that substantial evidence supports the Secretary's decision that Claimant was not disabled within the meaning of the Social Security Act. We affirm the district court's judgment for substantially the same reason set forth in its Memorandum Opinion dated January 29, 1991.
 
 
 8
 We would comment briefly on Claimant's argument that the ALJ was required, in this case, to determine to what extent Claimant's occupational base was diminished by his impairments. Once it is determined that a claimant cannot perform the full range of work within a given category, case law suggests the ALJ should consider the erosion of a claimant's occupational base before determining how much reliance to place on the "grids," 20 C.F.R. Part 404, Subpt. P, App. 2, and whether to obtain vocational evidence. See, e.g., Talbot v. Heckler, 814 F.2d 1456, 1460-61 (10th Cir.1987); Ortiz v. Secretary of Health & Human Servs., 890 F.2d 520, 524-25 (1st Cir.1989); DeFrancesco v. Bowen, 867 F.2d 1040, 1045 (7th Cir.1989). Here, where the ALJ did not rely on the "grids" and secured vocational evidence which supports his conclusion that Claimant can perform work existing in significant numbers in the national economy, no specific finding regarding Claimant's occupational base is required.
 
 
 9
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3