968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Arthur MORRIS, Claimant-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-7102.
 United States Court of Appeals, Tenth Circuit.
 June 5, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant-appellant Arthur Morris appeals from an order of the district court affirming the Secretary of Health and Human Service's decision denying his application for disability benefits under the Social Security Act. Mr. Morris contends the Secretary erred in failing to apply the correct legal standards to his claim and also asserts the decision is not supported by substantial evidence. Because we hold the Secretary erred in failing to apply 20 C.F.R. § 404.1562, the arduous unskilled physical labor standard, to Mr. Morris's claim for benefits, we do not reach the other issues presented. We remand this matter for further consideration by the Secretary.
 
 
 3
 Mr. Morris was employed for forty years as a farm laborer in Oklahoma. His duties included driving tractors, draining the fields, and loading beans onto trucks. The work involved very heavy manual labor. In late 1986, Mr. Morris was forced to quit working because physical limitations rendered him unable to perform the heavy labor involved in farm work. His physical limitations include arthralgias and chronic obstructive pulmonary disease. His blood pressure readings have been consistently high. In addition, x-rays taken in 1979 showed muscle spasms in the lumbar spine and sclerotic changes in the abdominal aorta.
 
 
 4
 Our review is limited. See Eggleston v. Bowen, 851 F.2d 1244, 1246 (10th Cir.1988). "We review the Secretary's decision to determine whether his findings are supported by substantial evidence in the record and whether he applied the correct legal standards." Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir.1991). If the Secretary's findings are not supported with substantial evidence, or incorrect legal standards were applied, we must reverse. Id. With these principles in mind, we examine Mr. Morris's claims.
 
 
 5
 The Secretary, through the Appeals Council, found Mr. Morris not disabled.[1] It determined that, although Mr. Morris cannot return to his past relevant work because of his impairments, he has the residual capacity to perform a limited range of medium level work.[2] Specifically, the Appeals Council found Mr. Morris is limited in his ability to carry weight of more than twenty-five pounds and cannot work around respiratory irritants.
 
 
 6
 In addition, the Appeals Council found Mr. Morris has no transferable skills within his residual functional capacity. It determined he could, however, make a vocational adjustment to work as a cook's helper, food service worker, kitchen helper, grounds keeper, or golf range attendant. The Council cited Table No. 3 of the Medical-Vocational Guidelines (Grids), 20 C.F.R. Pt. 404, Subpt. P, App. 2, in support. Thus, the Secretary made his determination that Mr. Morris is not disabled at step five of the sequential evaluation used in making disability determinations. See Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir.1988) (discussing sequential evaluation used in disability cases).
 
 
 7
 Where, as here, the claimant sustains his burden of showing he cannot perform his past relevant work, the burden shifts to the Secretary to establish that he can perform other work, giving consideration to his residual functional capacity, age, education and work experience. See Williams, 844 F.2d at 751. Mr. Morris argues the Secretary failed to consider these factors properly under the regulations. We agree.
 
 
 8
 In particular, Mr. Morris contends that the standard found in 20 C.F.R. § 404.1562 dictates a finding of disability in this case. That standard states:
 
 
 9
 If you have only a marginal education and work experience of 35 years or more during which you did arduous unskilled physical labor, and you are not working and are no longer able to do this kind of work because of a severe impairment(s), we will consider you unable to do lighter work, and therefore, disabled. However, if you are working or have worked despite your impairment(s) (except where the work is sporadic or is not medically advisable), we will review all the facts in your case, and we may find that you are not disabled. In addition, we will consider that you are not disabled if the evidence shows that you have training or past work experience which enables you to do substantial gainful activity in another occupation with your impairment, either on a full-time or a reasonably regular part-time basis.
 
 
 10
 Mr. Morris maintains he fits precisely within this category of workers.
 
 
 11
 Conversely, the Secretary maintains that this regulation does not apply because the vocational expert testified that Mr. Morris's position was semiskilled. The expert based this assessment on testimony indicating Mr. Morris drove a tractor which necessitated certain mechanical skills. Further, the Secretary contends that this regulation is permissive, rather than mandatory. Consequently, it allows, but does not mandate, a finding that Mr. Morris is disabled. We disagree.
 
 
 12
 Social Security Ruling 82-63 was issued to clarify this regulation.[3] It states:
 
 
 13
 Isolated, brief, or remote periods of experience in semiskilled or skilled work, however, would not preclude the applicability of these regulations when such experience did not result in skills which enhance the person's present ability to do lighter work. Also, periods of semiskilled or skilled work may come within the provisions of these regulations if it is clear that the skill acquired is not readily transferable to lighter work and makes no meaningful contribution to the person's ability to do any work within his or her present functional capacity.
 
 
 14
 SSR 82-63, (West's Soc.Sec.Rptg.Serv.) at 859 (1982); see also SSR 86-8, (West's Soc.Sec.Rptg.Serv.) at 508-09 (1991 Supp.) (person of advanced age with severe impairment, limited education, and no relevant work experience will generally be found disabled).
 
 
 15
 Thus, the fact that Mr. Morris's work as a farm laborer included a limited amount of semiskilled work does not preclude application of this standard. The Secretary, through the Appeals Council, specifically found Mr. Morris has no skills which could transfer to work he is now able to perform. Under the language in the regulation, he has no skills which enhance his ability to do work which is lighter than the heavy labor he performed previously. Consequently, for purposes of evaluation under this standard, he has no relevant work experience, and the regulation may apply. See Walston v. Sullivan, 956 F.2d 768, 772-73 (8th Cir.1992).
 
 
 16
 The proper procedure for integrating the arduous unskilled physical labor standard into the disability evaluation process is also found in Social Security Ruling 82-63. The ruling mandates that "[w]hen an adjudicator has reached the last step of the sequential evaluation process--sections 404.1520(f)/416.920(f) of the regulations--he or she must consider [sections 404.1562/416.962] before considering the numbered rules in Appendix 2 of the regulations. SSR 82-63, (West's Soc.Sec.Rptg.Serv.) at 858 (1982) (emphasis added). Consequently, the ALJ and the Appeals Council erred when they applied the Grids without first examining Mr. Morris's claim for benefits under the arduous physical labor standard.
 
 
 17
 A claimant is considered disabled under the arduous physical labor standard if he 1) has a marginal education, 2) has at least thirty-five years of work experience performing unskilled, arduous manual labor, and 3) is unable to return to his or her former work because of a severe impairment. Walston, 956 F.2d at 771. Mr. Morris appears to meet these requirements. It is undisputed that he is illiterate. He testified that he cannot read at all and that the only writing he is able to do is drafting his signature. Further, his forty years of work as a farm laborer satisfy the standard set out in the regulation. The medical evidence and testimony indicate that he cannot return to his prior relevant work and that he has no skills that would transfer to medium, light, or sedentary work which he is able to perform. Appellant's App. Vol. II at 7.
 
 
 18
 Under similar circumstances, the only other circuit to have considered this regulation found the claimant disabled. Walston, 956 F.2d at 772-73. In Walston, the court found the claimant disabled even though his relevant work history included some semiskilled work and he was able to perform a limited range of medium level work. Id. The record showed, however, that he had a marginal education, thirty-six years of intense physical labor and was unable to return to his prior employment because of his impairments. Id. at 773. Further, he had no transferable skills. Id. Considering these factors, the court found him disabled, invoking the arduous physical labor standard. Id.
 
 
 19
 We hold that the Secretary erred in his application of the regulations. Specifically, the Secretary failed to give appropriate consideration to the arduous physical labor standard prior to applying the Grids. Neither the Appeals Council nor the ALJ considered the standard or the Social Security Ruling which governs it. Absent this consideration, and a determination of how this standard is to be incorporated into the evaluation process, a disability decision cannot be made. Consequently, we invoke our discretion to remand this matter to the Secretary for further consideration of this standard and its relationship to the Grids. See Dixon v. Heckler, 811 F.2d 506, 511 (10th Cir.1987) (it is within court's discretion to remand or direct payment of benefits).
 
 
 20
 The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the action is REMANDED with directions to remand to the Secretary for consideration consistent with this Order and Judgment.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Mr. Morris originally filed his application for disability benefits on May 13, 1987. At the direction of the Appeals Council, the case was remanded twice for further consideration. On May 24, 1989, a supplemental hearing was held. At that hearing, a vocational expert testified regarding Mr. Morris's residual functional capacity and his ability to perform work in the national economy. On July 24, 1989, the ALJ issued a decision finding Mr. Morris not disabled. In a decision rendered on August 20, 1990, the Appeals Council modified that decision. The Appeals Council's decision became the final decision of the Secretary. See Appellant's App. Vol. II at 4-16
 
 
 [2]
 "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c)
 
 
 [3]
 Although Social Security Rulings do not carry the force of law, they constitute the Secretary's official interpretation of the Social Security statutes and regulations. Consequently, they are binding on ALJs. Terry v. Sullivan, 903 F.2d 1273, 1275 n. 1 (9th Cir.1990)