991 F.2d 805
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Eusebio LERMA, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 92-2170.
 United States Court of Appeals, Tenth Circuit.
 April 21, 1993.
 
 1
 Before SEYMOUR and ANDERSON, Circuit Judges, and RUSSELL,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DAVID L. RUSSELL, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Claimant Eusebio Lerma appeals from the district court's order of June 25, 1992, affirming the decision of the Secretary of Health and Human Services denying his request for social security benefits. Claimant filed for social security benefits on February 9, 1989, alleging disability since November 5, 1987, resulting from a back injury. Claimant's request for benefits was denied initially and on reconsideration. After a de novo hearing, the administrative law judge (ALJ) also denied claimant's request. The Appeals Council denied review, and claimant appealed to the district court, which affirmed the ALJ's decision.
 
 
 6
 The Secretary has established a five-step evaluation process pursuant to the Social Security Act for determining whether a claimant is disabled within the meaning of the Act. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988) (describing five steps in detail). If, at any step in the process, it is determined that a claimant is or is not disabled, the process stops. See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 801 (10th Cir.1991). In this case, the ALJ reached step five of the analysis, concluding that, while claimant could not return to his past relevant work, he could perform a full range of at least sedentary work and, therefore, claimant was not disabled. When the analysis reaches step five, the Secretary bears the burden of showing that a claimant retains the capacity to perform other work and that such work exists in the national economy in significant numbers. See Williams, 844 F.2d at 751.
 
 
 7
 Our review of the Secretary's determination that claimant is not disabled is limited to whether the record as a whole contains substantial evidence to support the decision, and whether the Secretary applied the proper legal standards. See Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir.1991). The Secretary's findings stand if supported by evidence that a reasonable mind might accept as adequate. See Pacheco v. Sullivan, 931 F.2d 695, 697 (10th Cir.1991) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).
 
 
 8
 On appeal, claimant contends that the Secretary's decision is not supported by substantial evidence, and that the Secretary failed to carry the burden of proof at step five and apply appropriate legal standards. Appellant's Br. at 4. Specificality, claimant argues that the ALJ failed to properly evaluate his alleged mental impairment, erred in denying his request for a psychological consultative exam, and improperly relied on the grids to find claimant not disabled. Based on our careful review of the entire appellate record, including the ALJ's complete and well-reasoned decision and the parties' briefs, we agree with the district court that substantial evidence supports the Secretary's decision that claimant was not disabled. Therefore, for substantially the same reasons set forth in its memorandum opinion and order dated June 25, 1992, the judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3