999 F.2d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David E. ANDERSON, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-7129.
 United States Court of Appeals, Tenth Circuit.
 July 1, 1993.
 
 Before BALDOCK and KELLY, Circuit Judges, and BENSON,* District Judge.**
 ORDER AND JUDGMENT***
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Claimant David Anderson appeals an order of the district court affirming the Secretary's decision that claimant was no longer entitled to disability benefits because his disability had ceased. Claimant argues that (1) substantial evidence does not support the determinations that (a) his impairment had improved and (b) he is now capable of engaging in a full range of medium work; and (2) the administrative law judge (ALJ) posed improper hypothetical questions to the vocational expert. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 2
 Claimant was injured in a car accident on August 28, 1976, and was awarded disability benefits beginning on that date. Claimant's disability status was reviewed in 1988. An ALJ, after conducting an administrative hearing at which claimant was present, concluded that claimant was no longer disabled. Claimant appealed, and the Appeals Council remanded the claim for additional findings. Claimant appeared at a second administrative hearing in June, 1990. In July, 1990, an ALJ concluded that claimant's disability ceased as of February 1, 1988. The Appeals Council denied claimant's request for review. The ALJ's decision became the final decision of the Secretary. Claimant appealed, and the district court affirmed the Secretary's termination of benefits.
 
 
 3
 Our review is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary applied the correct legal standards. Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir.1991). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Williams v. Bowen, 844 F.2d 748, 750 (10th Cir.1988) (quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir.1983) (further citation omitted)).
 
 
 4
 The Social Security Administration periodically evaluates a recipient's continued entitlement to disability benefits. Disability benefits may be terminated if there has been a medical improvement in the recipient's impairments related to the ability to do work and the recipient is now capable of engaging in substantial gainful activity. 42 U.S.C. § 423(f)(1). Medical improvement is "any decrease in the medical severity of [the] impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled." 20 C.F.R. §§ 404.1594(b)(1).
 
 
 5
 Claimant argues that, contrary to the ALJ's finding, his impairment did not improve between 1982 and 1988. Dr. Dandridge, who examined claimant in 1982 and 1988, testified that in 1988 claimant had increased strength and range of motion, particularly in his hand grip, standing on toes, rocking back on heels, and walking. II R. 107. We agree with the district court's conclusion that the "record reveals substantial evidence to support medical improvement in this case." Anderson v. Sullivan, No. CIV 91-375-NJ, slip op. at 5 (E.D.Okla. July 6, 1992).
 
 
 6
 We reject claimant's argument that his ability to work is limited by constant pain, to the extent he alleged at the hearing. The ALJ recognized that claimant experienced some pain, but found that his "subjective allegations of total disability ... through pain and inability to walk, stand, or sit" were exaggerated and not credible. II R. 14. Dr. Dandridge testified that claimant could occasionally lift up to fifty pounds and frequently lift twenty-five pounds. Id. at 104. Claimant admitted at the 1988 hearing that he could lift fifty pounds, walk up to one mile, sit for about one hour, and stand for two hours. Id. at 44-46. Although claimant testified at the 1990 hearing to a decreased ability to sit, walk, and stand without pain, he also testified that he continued to maintain his lawn, household, and a garden of significant size. The ALJ's credibility determinations are well supported. See Hamilton v. Secretary of Health & Human Servs., 961 F.2d. 1495, 1499 (10th Cir.1992) (ALJ makes credibility determination). We hold that the ALJ properly evaluated claimant's alleged pain, and that substantial evidence supports the ALJ's conclusions regarding claimant's capacity to sit, stand, and lift.
 
 
 7
 Claimant also argues that the ALJ erred in finding he could engage in a "full range of medium work." Aplt.Brief at 26. The ALJ drew no such conclusion, however. The ALJ found that claimant's nonexertional impairments prevented him from engaging in a full range of medium work, but there were still jobs existing in significant numbers in the national economy which claimant could perform. Substantial evidence from the record supports these findings.
 
 
 8
 Finally, claimant complains the ALJ's hypothetical questions to the vocational expert did not include a full description of his limitations. According to claimant, the hypothetical questions should have reflected that he can lift only fifteen pounds, sit and stand for fifteen minutes without interruption, and work no more than two hours of an eight-hour work day. We have already found that substantial evidence supports the ALJ's conclusion that claimant's abilities to sit, stand, and lift were not limited to the extent he alleged at the hearing. Hypothetical questions to a vocational expert need only include impairments which are supported by substantial evidence. Ehrhart v. Secretary of Health & Human Servs., 969 F.2d 534, 540 (7th Cir.1992). We conclude that the ALJ properly limited the hypothetical questions to the impairments which he found were supported by the record.
 
 
 9
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Dee V. Benson, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3