999 F.2d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gilbert M. MILFORD, Plaintiff-Appellant,
v.
Donna E. SHALALA,* Secretary of Health and
Human Services, Defendant-Appellee.
 No. 93-5007.
 United States Court of Appeals, Tenth Circuit.
 July 14, 1993.
 
 1
 Before LOGAN and BRORBY, Circuit Judges, and BRIMMER,** District Judge.
 
 
 2
 ORDER AND JUDGMENT***
 
 
 3
 BRORBY, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Claimant Gilbert M. Milford appeals the district court's order of November 6, 1992, affirming the Secretary's decision that Milford became disabled on his fiftieth birthday, January 7, 1989. He contends that his disability commenced on June 16, 1986. Milford filed for disability insurance benefits on February 23, 1989, alleging disability resulting from age and degenerative joint disease. His request was denied initially and on reconsideration. Following a de novo hearing, the administrative law judge (ALJ) determined Milford to be disabled as of January 7, 1989. The Appeals Council denied Milford's request for review claiming disability at the earlier date, and he filed suit in district court. The district court affirmed the ALJ's decision, adopting the findings and recommendations of the magistrate judge.
 
 
 6
 Our review of the Secretary's decision is limited to determining whether the record as a whole contains substantial evidence to support the decision, and whether the Secretary applied the proper legal standards. See Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir.1991). If substantial evidence exists and the appropriate legal standards have been applied, we must affirm. See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800-01 (10th Cir.1991).
 
 
 7
 The Secretary has established a five-step evaluation process pursuant to the Social Security Act for determining whether a claimant is disabled within the meaning of the Act. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988) (describing five steps in detail). If, at any step in the process, it is determined that a claimant is or is not disabled, the process stops. See Casias, 933 F.2d at 801. When the analysis reaches step five, the Secretary bears the burden of showing that a claimant retains the capacity to perform other work and that such work exists in the national economy. See Williams, 844 F.2d at 751.
 
 
 8
 Here, the ALJ determined that Milford could not return to his past relevant work. Reaching step five, the ALJ concluded that, pursuant to the agency's regulations on persons approaching advanced age, see 20 C.F.R. § 404.1563(c), Milford had become disabled once he reached age fifty. The ALJ further concluded that Milford retained the capacity to perform a full range of sedentary work and, therefore, was not disabled before he reached age fifty.
 
 
 9
 On appeal, Milford contends that the Secretary's decision was not based on substantial evidence and that the ALJ erred in applying the Medical-Vocational Guidelines, 20 C.F.R. § 404, Subpt. P, App. 2 ("the grids") to this case. Based on our careful review of the entire appellate record, including the parties' briefs, we agree with the district court that substantial evidence supports the ALJ's conclusion that claimant was not disabled within the meaning of the Social Security Act before his fiftieth birthday. We also agree that the ALJ applied the correct legal standards in reaching this decision. Therefore, for substantially the same reasons set forth in the district court's order dated November 6, 1992, adopting the findings and recommendations of the magistrate judge dated July 29, 1992, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Donna E. Shalala is substituted for former Secretary of Health and Human Services Louis W. Sullivan, pursuant to Fed.R.App.P. 43(c)(1)
 
 
 **
 Honorable Clarence A. Brimmer, United States District Judge for the District of Wyoming, sitting by designation
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3