1 F.3d 1249
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert BRUMFIELD, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-7137.
 United States Court of Appeals, Tenth Circuit.
 July 29, 1993.
 
 Before LOGAN and BRORBY, Circuit Judges, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Robert Brumfield (claimant) appeals from an order of the district court affirming the Secretary of Health and Human Services' decision that claimant is not entitled to disability benefits under Title II of the Social Security Act. Claimant alleges disability since February 1, 1988, due to degenerative joint disease and resulting pain in his back and legs. Claimant last met the eligibility requirements for disability insurance benefits on March 31, 1988.
 
 
 3
 To prove disability under the Social Security Act, a claimant must establish a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. Secs. 423(d)(1)(A), 1382c(a)(3)(A). Agency regulations establish a five-step sequential analysis to evaluate disability claims. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988) (describing five steps in detail). Here, claimant's request for benefits was denied both initially and upon reconsideration at the administrative level. Following a de novo hearing, the administrative law judge (ALJ) concluded at step four that claimant was not disabled because, as of March 31, 1988, he retained the capacity to perform his past relevant work in used appliance sales. "The claimant bears the burden of proof through step four of the analysis." Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir.1993). The Appeals Council denied review, making the ALJ's decision the final agency decision for appellate purposes. 20 C.F.R. Sec. 404.981; see Williams, 844 F.2d at 749.
 
 
 4
 Our review of the Secretary's decision is limited to whether the agency's findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir.1991). Evidence is not substantial if it is merely conclusory or overwhelmed by other evidence. Ellison v. Sullivan, 929 F.2d 534, 536 (10th Cir.1990). The failure to apply the correct legal standards is grounds for reversal. Frey v. Bowen, 816 F.2d 508, 512 (10th Cir.1987).
 
 
 5
 Claimant contends that the Secretary's decision lacks substantial evidence in the record. We disagree. The record amply supports the ALJ's findings that claimant's allegations of disabling pain are inconsistent with the medical testimony and not wholly credible. Claimant asks us to reweigh the evidence in his favor, which we cannot do. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir.1992).
 
 
 6
 Claimant argues that his past relevant work was as a carpenter/contractor, not as a used appliance salesman, and that the ALJ failed to develop the record concerning how long he had worked in used appliance sales and how much he had earned. Nonetheless, our review indicates that the record is full and fair, and contains uncontroverted evidence in support of the Secretary's conclusion that, under the applicable legal standards, claimant's past relevant work was in used appliance sales.
 
 
 7
 We also conclude that there is substantial evidence supporting the Secretary's finding that, during the pertinent time period, claimant could have returned to his past relevant work. The ALJ was entitled to rely on (1) medical reports relating to the period before claimant's benefit eligibility expired, (2) an opinion by claimant's treating physician that as late as September of 1990, claimant had only slight functional limitations, and (3) claimant's continued work in used appliance sales after the alleged onset date of disability and after claimant's benefit eligibility expired.
 
 
 8
 Additionally, claimant argues that, because he was represented by a paralegal, the ALJ failed in his special duty to develop the record. Contrary to claimant's assertions, however, the ALJ has no greater responsibility to develop the record when a claimant is represented by a paralegal than when represented by an attorney. See Baker v. Bowen, 886 F.2d 289, 292 n. 1 (10th Cir.1989); cf. Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.1992) ("The ALJ's duty to develop the record is heightened when a claimant is unrepresented."). Our review of the record indicates that the ALJ did ask claimant about his work experience, his impairments and medical treatment, his functional limitations, and his daily activities. The ALJ did not fail to develop the record.
 
 
 9
 Claimant's last argument is that the ALJ asked "narrow and misleading" hypothetical questions of the vocational expert, thereby rendering the expert's conclusion that claimant could perform other jobs unreliable. Because the Secretary's decision that claimant was not disabled as of March 31, 1988, was based on the ALJ's step four determination that claimant could return to his past relevant work, and because substantial evidence supports that determination, we need not address this issue. If, at any step in the applicable analysis, it is determined that a claimant is or is not disabled, the process stops. See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 801 (10th Cir.1991). Vocational expert testimony was not necessary at step four because claimant did not prove his disability. See Musgrave, 966 F.2d at 1376. Here, although the ALJ asked the vocational expert to categorize claimant's past jobs and used that information to conclude that claimant could return to his past relevant work, the ALJ did not rely on any testimony elicited by the hypothetical questions of which claimant complains.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable Clarence A. Brimmer, United States District Judge for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3