16 F.3d 417
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dale L. STRAW, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-6174.
 United States Court of Appeals, Tenth Circuit.
 Dec. 14, 1993.
 
 1
 Before ANDERSON and EBEL, Circuit Judges, and WINDER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-appellant Dale L. Straw appeals the district court's conclusion that the Secretary met her burden of showing that Mr.Straw could perform a significant number of jobs in the national economy. Because the Secretary's decision is supported by substantial evidence, we affirm.
 
 
 4
 Mr.Straw filed an application for disability insurance benefits in January 1990, claiming that he was unable to work because of his asthma and heart problems. At the disability hearing, several hypothetical questions were asked of vocational expert Margaret Kelsay, to determine whether Mr.Straw retained the ability to perform gainful employment. Based on these hypotheticals, the vocational expert opined that Mr. Straw could perform the light-skilled jobs of tower crane operator, bridge and gantry crane operator, stacking machine operator, and conveyor operator. The ALJ concluded that Mr.Straw was not disabled because he could either return to his former work as a motor grader operator if he were to wear a dust mask or could perform the jobs identified by the vocational expert.
 
 
 5
 On appeal, the district court rejected the ALJ's conclusion that Mr.Straw could return to his former occupation as a motor grader operator. The court found substantial evidence to support the ALJ's alternate holding, however, and affirmed the Secretary's final decision. This appeal followed.
 
 
 6
 Our review of the Secretary's decision is limited to "whether [her] findings are supported by substantial evidence in the record and whether [she] applied the correct legal standards." Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir.1991). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Failure to apply the correct legal test constitutes a ground for reversal. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 801 (10th Cir.1991).
 
 
 7
 If a claimant cannot perform his past relevant work, the Secretary bears the burden of showing that the claimant has the residual functional capacity to perform other work in the national economy, considering his age, education, and former experience. Emory, 936 F.2d at 1094. This burden may be met either through use of the Medical-Vocational Guidelines, 20 C.F.R., pt. 404, subpt. P, app. 2 ("the grids"), or through the testimony of a vocational expert based on a series of hypothetical questions. Talbot v. Heckler, 814 F.2d 1456, 1460 (10th Cir.1987). Here, Mr.Straw argues that the vocational expert's testimony does not provide substantial evidence to support the Secretary's decision because the person described in the hypotheticals could sit or stand at will, which is contrary to the definition of "light work" contained in 20 C.F.R. 404.1567(b).[2] In support of his argument, Mr.Straw cites Talbot v. Heckler, 814 F.2d at 1463.
 
 
 8
 In Talbot, the Secretary concluded that a social security claimant could perform the entire range of light work despite claimant's physician's report that claimant "could neither sit, walk, nor stand for longer than two hours at a time for a maximum of a six-hour work day." Id. We held that the limitations of alternating sitting, standing, and walking for less than a full workday precluded a finding that the claimant "could engage in a full range of light work." Id.
 
 
 9
 Here, in contrast, the ALJ did not find Mr. Straw capable of performing the entire range of light work and did not rely on the grids to determine his disability status. Instead, the ALJ carefully crafted hypothetical questions to reflect Mr. Straw's limitations and the vocational expert identified certain jobs which fell within the light category that Mr. Straw could perform. This is a very different situation from that addressed in Talbot.
 
 
 10
 In fact, the ALJ followed the exact procedure required by Social Security Ruling 83-12 in cases where a claimant must alternate periods of sitting and standing. The ruling recognizes that there are jobs in the national economy in which a person can sit or stand with a degree of choice, and recommends that a vocational expert be consulted to clarify the implications of such a restriction for the claimant's occupational base. Here, the vocational expert concluded that Mr. Straw could perform a significant number of light-skilled jobs in the national economy despite his limitations. The Secretary, therefore, met her burden and there is substantial evidence to support the decision that Mr. Straw is not disabled.
 
 
 11
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable David K. Winder, Chief Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 "Light work" is described as involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.... [A] job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [claimant] must have the ability to do substantially all of these activities." 20 C.F.R. 404.1567(b)