17 F.3d 1436
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kathy S. BURRELL, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, Donna
Shalala, Secretary, Defendant-Appellee.
 No. 93-6115.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1994.
 
 ORDER AND JUDGMENT[1]
 Before BALDOCK, BARRETT, and McKAY, Circuit Judges.[2]
 
 
 1
 Claimant Kathy S. Burrell appeals the district court's order affirming the Secretary's decision denying claimant's request for social security benefits. Claimant filed for disability and supplemental income benefits alleging disability resulting from back pain. Her request was denied both initially and upon reconsideration. After a de novo hearing, the administrative law judge (ALJ) also denied claimant's request. The Appeals Council denied review, and claimant filed a complaint in the district court. The district court affirmed the ALJ's decision, following its review of the magistrate judge's findings and recommendations and claimant's objections.
 
 
 2
 Our review of the district court's decision is limited to determining whether the record as a whole contains substantial evidence to support the Secretary's decision, and whether the Secretary applied the proper legal standards. See Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir.1991). If substantial evidence exists and the appropriate legal standards have been applied, we must affirm. See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800-01 (10th Cir.1991). The Secretary has established a five-step evaluation process pursuant to the Social Security Act for determining whether a claimant is disabled within the meaning of the Act. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(describing five steps in detail). If, at any step in the process, it is determined that a claimant is or is not disabled, the process stops. See Casias, 933 F.2d at 801.
 
 
 3
 Through step four of the pertinent analysis, a claimant bears the burden to demonstrate the existence of an impairment that precludes the claimant from returning to his or her past relevant work. Here, the ALJ reached step five, concluding that, while claimant could not return to her past relevant work, she retained the capability to perform a limited range of sedentary work. When the analysis reaches step five, the Secretary bears the burden of showing that a claimant retains the capacity to perform other work and that such work exists in significant numbers in the national economy. See Williams, 844 F.2d at 751.
 
 
 4
 On appeal, claimant does not challenge any of the ALJ's findings with respect to her disability, pain, or residual functional capacity. She raises a single issue: whether claimant, whose residual functional capacity limits her to fifty percent of the occupations categorized as sedentary work, should be considered disabled by virtue of that limitation. Based on our careful review of the entire appellate record, including the parties' briefs, we agree with the district court that substantial evidence supports the ALJ's conclusion that claimant is not disabled. Additionally, we conclude that both the ALJ and district court applied the correct legal standards in reaching that decision. Therefore, for substantially the same reasons set forth in the district court's order dated January 29, 1993, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument