19 F.3d 1443
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Merline D. LONG, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Defendant-Appellee.
 No. 93-6252.
 United States Court of Appeals,
Tenth Circuit.
 March 16, 1994.
 
 1
 Before LOGAN and SETH, Circuit Judges, and KELLY,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Claimant Merline D. Long appeals from an order of the district court affirming the Secretary of Health and Human Services' decision that claimant is not entitled to Social Security benefits. Claimant alleges disability since March 14, 1989, due to carpal tunnel syndrome and hyperthyroidism. Her request for disability insurance benefits was denied initially and on reconsideration. Following a de novo hearing, the administrative law judge (ALJ) determined claimant was not disabled within the meaning of the Social Security Act. The Appeals Council denied claimant's request for review, making the ALJ's decision the final agency decision for appellate purposes. 20 C.F.R. 404.981; see Williams v. Bowen, 844 F.2d 748, 749 (10th Cir.1988).
 
 
 4
 Agency regulations establish a five-step sequential analysis to evaluate disability claims. See id. at 750-52 (describing steps in detail). Here, the ALJ reached step four, concluding that claimant retained the capacity to return to her past relevant work. "The claimant bears the burden of proof through step four of the analysis." Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir.1993). Our review of the Secretary's decision is limited to whether the record as a whole contains substantial evidence to support the decision, and whether the Secretary applied the proper legal standards. Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir.1991). On appeal, claimant contends that the Secretary's conclusion that she could return to her past relevant work was not based in law or supported by substantial evidence.
 
 
 5
 Claimant's first argument is that the magistrate judge "mistakenly re-classifie[d]" her past relevant work as sedentary. Appellant's Br. at 5. The magistrate judge commented in his report and recommendation that claimant's past relevant work "was sedentary in that [she] remained seated for approximately six hours in an eight hour day." Appellant's App., doc. 2 at 10. Claimant points out that her testimony about the particulars of her past work showed that it does not fit within the sedentary category as defined in the applicable regulations, but falls within the light work category, see 20 C.F.R. 404.1567(b). The ALJ found that claimant could lift and/or carry twenty pounds occasionally and ten pounds frequently, stand and/or walk six hours in an eight-hour day, and sit six hours in an eight-hour day. He also found that she had no other significant functional limitations which would restrict her in performing her past relevant work. These findings comport with the ALJ's conclusion that claimant can perform light work as it is defined in 20 C.F.R. 404.1567(b), with some limitations not applicable to her past relevant work.[2] The magistrate judge's use of the word "sedentary" to describe claimant's previous job did not result in a reclassification of her past relevant work, and did not alter the ALJ's finding that plaintiff could return to her past relevant work, as properly classified, a finding that is supported by substantial record evidence.[3]
 
 
 6
 Claimant also argues that, because the ALJ recognized some exertional limitations as a result of her severe impairments, he could not conclude that she could perform light work. Claimant contends that, to be considered capable of light work, she must be found capable of a full range of light work, citing Channel v. Heckler, 747 F.2d 577, 579-80 (10th Cir.1984). This argument misses the mark. Channel is a step five case in which this court stated that, in order to apply the medical-vocational guidelines (the "grids"), the Secretary must demonstrate that a claimant is capable of performing a full range of work within a given work category. Id. In contrast, the Secretary's conclusion here at step four, that claimant can return to her past relevant work, does not require a finding that claimant can perform all of the functions in the light work category.
 
 
 7
 Finally, claimant appears to contend that she was misled by the magistrate judge's use of the word "sedentary" to describe her past relevant work, that it led to an erroneous interpretation of the statute and congressional intent, and that her reliance on the word as a technical term resulted in an improper denial of benefits. We reject these arguments. While the magistrate judge's word choice may have resulted in some temporary ambiguity, his report as a whole supports his recommendation to affirm the ALJ's conclusion that claimant could perform light and sedentary work, with some limitations not applicable to her past relevant work, and could therefore return to her past relevant work. The ALJ's conclusion was supported by substantial evidence and comports with the proper classification of her past work as light work and with the definition of light work as set forth in the applicable regulations. Claimant has offered no argument explaining how her reliance on the word "sedentary" in the magistrate judge's report could result in a wrong decision, and we see none. Likewise, we perceive no inconsistency with the statute or congressional intent resulting from the magistrate judge's characterization of her past relevant work.
 
 
 8
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable Patrick F. Kelly, Chief Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Claimant's citation to Valencia v. Heckler, 751 F.2d 1082 (9th Cir.1985), is inapposite. In that case, the appellate court rejected the Secretary's finding that the plaintiff could return to her past relevant work, ruling that the Secretary had improperly reclassified the plaintiff's previous work as light, based on the lightest task plaintiff performed in her work. 751 F.2d at 1087
 
 
 [3]
 Apparently claimant raised this argument in her objections to the magistrate judge's report and recommendation, because the district court commented that the magistrate judge's use of the word "sedentary" was in terms of "common parlance, and not in the technical sense of 20 C.F.R. 404.1567(a)." Appellant's App., doc. 3 at 2. We agree