UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10423
Summary Calendar
_____

CARLEY J. LEWIS,

Plaintiff-Appellant,

versus

SHIRLEY S. CHATER, Commissioner
of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(2:93CV00195)
_____
December 27, 1995
Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Carley J. Lewis injured her back at work, and was awarded
Social Security disability insurance benefits for the period March
29, 1989, to January 20, 1991.  The district court held that the
record would not support a determination that Lewis, although
unable to perform the full range of sedentary work, is capable of
performing other work existing in significant numbers in the
economy, and it remanded her case to the Commissioner for further
analysis of her exertional and non-exertional limitations and

_____

[*]    Local Rule 47.5.1 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that rule, the court has determined that this opinion
should not be published.

residual functional capacity.  *See, e.g.*, **Muse v. Sullivan**, 925 F.2d 785, 789 (5th Cir. 1991) (describing well-known five-step sequential disability analysis in which the Commissioner has the burden of showing, at step five, that the claimant's impairment does not prevent the claimant from engaging in substantial gainful activity).

Lewis contends that the district court should have remanded, instead, for an immediate award of disability benefits, because the Commissioner failed to prove that she is capable of performing substantial gainful activity.  It is within the district court's discretion to remand to the Commissioner for a further hearing or to direct the Commissioner to award benefits.  **Stephens v. Chater**, No. 95-10424, slip op. at 2 (5th Cir. Oct. 16, 1995) (unpublished) (citing **Emory v. Sullivan**, 936 F.2d 1092, 1095 (10th Cir. 1991)).  Because the record is not clear that Lewis is unable to engage in any substantial gainful activity because of her condition, additional fact-finding is necessary, and a remand for an immediate award of benefits is not appropriate.  *See* **Dollar v. Bowen**, 821 F.2d 530, 534-35 (10th Cir. 1987).  Accordingly, the district court did not abuse its discretion by remanding Lewis' case for further proceedings.

**AFFIRMED**