16 F.3d 418
 Unempl.Ins.Rep. CCH (P) 17703A
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Doris E. WOOD, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health & Human Services,
Defendant-Appellee.
 
 1
 No. 93-7037.
 
 
 2
 United States Court of Appeals, Tenth Circuit.
 
 
 3
 Jan. 28, 1994.
 
 
 4
 Before TACHA and BRORBY, Circuit Judges, and BROWN,** Senior District Judge.
 
 ORDER AND JUDGMENT[1]
 
 5
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 6
 Claimant Doris E. Wood appeals the district court's order affirming a decision by the Secretary of Health and Human Services (Secretary) denying Ms. Wood's application for disability benefits. Because the Secretary's decision is supported by substantial evidence, we affirm.
 
 
 7
 Ms. Wood applied for benefits in September 1990, alleging an inability to work since October 1, 1989, due to rheumatoid arthritis, foot pain, carpal tunnel syndrome, and chronic lung disease. After a hearing, the administrative law judge (ALJ) found that Ms. Wood failed to prove she was unable to perform her past work as a waitress, sales clerk, or cashier. The Appeals Council declined to review the decision and the United States District Court for the Eastern District of Oklahoma affirmed.
 
 
 8
 Our review of the Secretary's decision is limited to "whether [her] findings are supported by substantial evidence in the record and whether [she] applied the correct legal standards." Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir.1991). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Failure to apply the correct legal test constitutes a ground for reversal. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 801 (10th Cir.1991).
 
 
 9
 Ms. Wood argues that the ALJ's finding that she could return to her former employment is unsupported by substantial evidence because he failed to consider her impairments of rheumatoid arthritis, carpal tunnel syndrome, foot pain, breathing problems, and pain in combination. Further, she argues that the ALJ ignored her testimony that she suffers from severe and disabling pain. Finally, Ms. Wood argues that the ALJ committed legal error in disregarding her treating physician's opinion that she is disabled and in not calling a vocational expert.
 
 
 10
 The claimant bears the burden of proving that she is disabled as that term is defined by the Social Security Act. Hargis v. Sullivan, 945 F.2d 1482, 1489 (10th Cir.1991). Because Ms. Wood's insured status expired on December 31, 1989, she was required to demonstrate her inability to engage in substantial gainful activity prior to this date. 42 U.S.C. 423(d)(1)(A); Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1347 (10th Cir.1990).
 
 
 11
 The medical records submitted to the Social Security Administration show that Ms. Wood received treatment for all four of her impairments prior to the expiration of her insured status. From July 22, 1987, through February 7, 1989, Ms. Wood was treated by several professionals for problems with her feet, including plantar warts, metatarsalgia, a Morton's neuroma, and thickened ingrown toenails. R. II at 116-17, 133, 140-42, 147-53. In July 1987 she underwent surgery "with a fairly good result." Id. at 143. She was then treated by a podiatrist until February 7, 1989, when she reported that all of her foot pain had disappeared. Id. at 147. There is no evidence that Ms. Wood received further treatment for her feet during her period of insured status.
 
 
 12
 The record shows that Ms. Wood experienced a single incident of acute asthmatic bronchitis, for which she received treatment between July 25, 1989, and August 18, 1989. Id. at 131-32, 180-82. Although she was released to Dr. Hasselman's care, his medical records do not indicate any further visits for the asthmatic bronchitis. The only information submitted by Dr. Seebass, her pulmonary disease specialist, was that after the August 1989 hospitalization, Ms. Wood "was dramatically improved." Id. at 181. The record also shows that Ms. Wood has chronic obstructive lung disease, see id. at 178-81, but there is no medical evidence concerning the degree of her impairment or what limits this places on her activities.
 
 
 13
 Ms. Wood underwent surgery for carpal tunnel syndrome on her right wrist in January 1986 and on her left wrist in March 1988. Each of these operations appears to have been successful. See id. at 129 ("decompression appeared to have been quite successful"); id. at 118 (no numbness in hand, no tenderness, no swelling); id. at 142 ("one day postsurgery, her hand is not swollen, and in fact she has increased sensation of the middle three fingers").
 
 
 14
 Finally, from March 22, 1989, to December 18, 1989, Ms. Wood received treatment for her rheumatoid arthritis by rheumatologist Dr. Timothy Huettner. Although her March 1989 records show joint tenderness, swelling, and a decreased range of motion, after six months of treatment with oral gold, most of her symptoms had subsided. On December 18, 1989, Dr. Huettner noted that although Ms. Wood still experienced "some morning stiffness," her "ankles were unremarkable," her "[k]nees were only slightly tender and could be fully extended," her "right knee could be flexed to about 100 degrees," her "right elbow was unremarkable" and her left elbow only slightly impaired, and, most importantly, her "[h]ands and wrists do not have any significant swelling, tenderness or decreased range of motion and the grip strength is good." Id. at 154.
 
 
 15
 Based on the foregoing, it appears that although Ms. Wood suffers from several impairments, these impairments have been treated with good results, and there is no medical evidence that as of December 1989, Ms. Wood was so disabled that she could not return to her former employment. Therefore, the record contains substantial evidence to support the ALJ's determination that Ms. Wood failed to establish her disability. Further, his decision demonstrates clearly that he considered all of her impairments in combination. See id. at 14-15. Ms. Wood's claim to the contrary, therefore, is without merit.
 
 
 16
 There is also no merit to Ms. Wood's allegation that the ALJ failed to evaluate properly whether she was disabled by pain. In Luna v. Bowen, 834 F.2d 161, 164-66 (10th Cir.1987), we held that once a claimant has shown the existence of a pain-producing impairment and a loose nexus between such impairment and the claimant's alleged pain, an ALJ may not simply rely upon objective medical data to determine whether the claimant suffers from disabling pain. Here, however, the ALJ considered Ms. Wood's testimony, her residual physical abilities, her nonuse of assistive devices, her medications and lack of side effects therefrom, her daily activities, and the medical evidence, in determining that Ms. Wood was not disabled by pain. His analysis, therefore, meets both the requirements of Social Security Ruling 88-13 and our opinion in Luna.
 
 
 17
 Further, the ALJ did not err in disregarding the opinion of one of Ms. Wood's treating physicians that she is totally disabled. A treating physician's opinion may be rejected if it is brief, conclusory, and unsupported by medical evidence. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir.1990); Frey v. Bowen, 816 F.2d 508, 513 (10th Cir.1987). Here, Dr. Hasselman's opinion that Ms. Wood is unable to perform gainful activity appears to be based only on the fact that she suffers from several chronic illnesses. He points to no medical evidence to support his brief and conclusory statement, and, in fact, specifically states that "[t]he extent of her disabilities would need to be determined by the above specialists, (Dr. Seebass, Dr. Huettner, and Dr. Stamilee)." R. II at 187. The specialists, in turn, do not in any way indicate that Ms. Wood is disabled. Therefore, the ALJ did not err in disregarding Dr. Hasselman's opinion.
 
 
 18
 Finally, the ALJ did not err by not calling a vocational expert. A vocational expert is necessary only when a claimant cannot return to his or her former employment and the ALJ must determine whether there remain sufficient jobs in the national economy which the claimant can perform. Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir.1992). Here, because Ms. Wood did not prove an inability to return to her former employment, vocational expert testimony was not required.
 
 
 19
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----