**AFFILIATED UTE CITIZENS OF The STATE OF UTAH,**
Plaintiff–Appellee,

v.

**UTE INDIAN TRIBE OF THE UINTAH AND OURAY RESERVATION, a federal corporation, Defendant–Appellant,**

and

**Framk Arrowchis, Stewart Pike, Floyd Wopsock, Lester Chapoose, Leon Perank, and Maxine Natches, in their official capacity as Tribal Business Committee; Donald P. Hodel, in his official capacity as the Secretary of the Interior of the United States; Brent Ward, U.S. Attorney, United States District Attorney for the District of Utah, and their successors, agents, assigns and employees, Defendants,**

and

**Ute Distribution Corporation, Intervenor.**

No. 93–4007.

United States Court of Appeals, Tenth Circuit.

April 20, 1994.

Robert S. Thompson, III (Tod J. Smith and Sandra Hansen with him on the briefs), Whiteing & Thompson, Boulder, CO, for appellant.

Kathryn Collard, Collard & Russell, Salt Lake City, UT (Steve Russell, Collard & Russell, Salt Lake City, UT, and Kent A. Higgins, Idaho Falls, ID, with her on the briefs), for appellees.

Max D. Wheeler (Camille N. Johnson with him on the brief), Snow, Christensen & Martineau, Salt Lake City, UT, for intervenor.

Before ANDERSON and McWILLIAMS, Circuit Judges, and SHADUR,* District Judge.

STEPHEN H. ANDERSON, Circuit Judge.

The Ute Indian Tribe (defendant-appellant) appeals from a favorable judgment in the district court dismissing a suit against the Tribe on the grounds that the plaintiff (appellee), Affiliated Ute Citizens ("AUC"), lacked standing. Although it prevailed below, the Tribe challenges an unfavorable interlocutory order in which the district court held that the Tribe impliedly waived its sovereign immunity from actions like this one brought under the Ute Partition Act, 25 U.S.C. § 677–677aa. We dismiss the appeal for lack of a case or controversy and remand the case to the district court with instructions to vacate its ruling on sovereign immunity.

The AUC brought this suit against the Tribe in 1985 seeking, among other things, a declaration that it is the authorized representative of the mixed-blood Utes, and a share in the management of certain resources of the reservation under section 10 of the Ute Partition Act, 25 U.S.C. § 677i. In an order dated February 3, 1987, the district court dismissed all but one of the AUC's claims on standing and ripeness grounds. It permitted the AUC to continue seeking injunctive relief from future harassment of the mixed-bloods in the exercise of their hunting and fishing rights. The district court further held that the Tribe's sovereign immunity did not bar the suit because Congress had impliedly limited the Tribe's sovereign immunity under the Ute Partition Act.

Subsequently, the Ute Distribution Corporation ("UDC") challenged the AUC's authority to represent the mixed-bloods, which led to this court's decision in *Murdock v. Ute Indian Tribe*, 975 F.2d 683 (10th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1879, 123 L.Ed.2d 497 (1993), that the UDC, not the AUC, is the mixed-blood Utes' authorized representative for issues concerning indivisible tribal assets. *Id.* at 690. Based on this decision, the district court dismissed the AUC's one remaining claim against the Tribe for lack of standing. The AUC does not appeal the dismissal.

Instead, the Tribe appeals the February 1987 ruling on its waiver of sovereign immunity, even though it acknowledges that this ruling was not necessary to the district court's final judgment. The Tribe contends that review is warranted because the ruling leaves the Tribe vulnerable to repeated suits in federal court, the ruling prolonged the case for several years subjecting the Tribe to costs of litigation that would have been avoided if the district court had ruled differently, and the ruling may preclude the Tribe from relitigating the sovereign immunity issue in subsequent litigation under the Ute Partition Act.

None of these reasons suffices to give us jurisdiction over the Tribe's direct appeal. A prevailing party may not appeal and obtain a review of the merits of findings it deems erroneous which are not necessary to support the decree. *Electrical Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241, 242, 59 S.Ct. 860–61, 860, 83 L.Ed. 1263 (1939). Our jurisdiction under Article III of the Constitution extends only to actual, ongoing cases or controversies, *Honig v. Doe*, 484 U.S. 305, 317, 108 S.Ct. 592, 600–01, 98 L.Ed.2d 686 (1988), and although the sovereign immunity ruling may have been immedi-

* The Honorable Milton I. Shadur, Senior Judge, United States District Court for the Northern District of Illinois, sitting by designation.

ately appealable through the collateral order doctrine under 28 U.S.C. § 1291, *see Chavez v. Singer,* 698 F.2d 420, 421 (10th Cir.1983) (basing jurisdiction on collateral order doctrine in immediate appeal from denial of absolute immunity), or as an interlócutory order under § 1292(b), *see Sierra Club v. Lujan,* 972 F.2d 312, 314 (10th Cir.1992) (permitting § 1292(b) appeal from finding of statutory waiver of sovereign immunity), its present controversial quality is mooted by the lack of a plaintiff with standing to sue and, therefore, incentive to contest the merits of the Tribe's appeal.[1]

The Tribe's concern that the interlocutory ruling, if left alone, will be preclusive is unwarranted. Collateral estoppel requires in part a final adjudication of the issue on the merits, *United States v. Rogers,* 960 F.2d 1501, 1508 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 817, 121 L.Ed.2d 689 (1992), and it arises only when the adjudication was necessary to the judgment. *Murdock,* 975 F.2d at 687. In this case, the district court's interlocutory ruling on sovereign immunity proved to be unnecessary to the final judgment and therefore would not carry a preclusive effect. In any event, however, in circumstances such as these, where the sovereign immunity ruling became moot by a subsequent ruling on standing, rather than by action attributable to one or more parties such as a settlement, and where the Tribe made a timely request to the district court that its prior ruling be vacated, we deem it appropriate to vacate the sovereign immunity ruling. *See United States v. Munsingwear, Inc.,* 340 U.S. 36, 39–40, 71 S.Ct. 104, 106–07, 95 L.Ed. 36 (1950) (holding that the standard practice in federal courts is to vacate judgments that have become moot pending appeal, unless no motion to vacate is made); *see also Karcher v. May,* 484 U.S. 72, 82–83, 108 S.Ct. 388, 395, 98 L.Ed.2d 327 (1987) (holding that vacatur of prior judgments is appropriate only where the contro-

versy becomes moot due to circumstances unattributable to any of the parties); *Oklahoma Radio Assoc. v. FDIC,* 3 F.3d 1436, 1444 (10th Cir.1993) (declining to vacate prior opinion to accommodate settlement).

For the reasons stated above, this appeal is DISMISSED and the action is REMANDED to the district court with instructions to vacate its ruling on sovereign immunity.

---

1. Cases become moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (quoting *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980)).

Although issues that are otherwise moot may be reviewed if they are "capable of repetition, yet evading review," *Murphy,* 455 U.S. at 482, 102 S.Ct. at 1183, the sovereign immunity issue in this case does not have an inherent problem of limited duration that will cause it to evade review in future litigation.