UNITED STATES COURT OF APPEALS

**Filed 10/21/96**

FOR THE TENTH CIRCUIT

In re:  SAMMY S. JENKINS and
MADELINE F. JENKINS,

   Debtors,

_____

SAMMY S. JENKINS, MADELINE F.
JENKINS,

    Plaintiffs-Appellants,

v.

JAMES W. OAKLEY, CLAUDEAN
OAKLEY,

    Defendants-Appellees.

No.  96-2043
(D.C. No. CIV-96-716-SC)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,[**]  District
Judge.

---

[*]  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]  Honorable G. Thomas Van Bebber, Chief Judge, United States District
Court for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Sammy S. Jenkins and Madeline F. Jenkins, appearing pro se, appeal from the district court's judgment affirming the dismissal of their complaint in an adversary proceeding before the bankruptcy court. Our jurisdiction over this appeal arises from 28 U.S.C. §§ 158(a) and 1291. Appellees' motion to supplement the record on appeal with a full transcript of the bankruptcy court proceeding is GRANTED.

After the first witness was sworn in during the bankruptcy court trial on the merits of the adversary proceeding, appellants sought to invoke Fed. R. Evid. 615, the "witness rule," against appellees, that is, exclude them from appellants' examination of the witness. Noting that the rule is inapplicable to parties, the bankruptcy court declined to exclude appellees. Appellants then sought to change the order of witnesses, which the court also rejected. Mr. Jenkins complained that "due process is not operating in this case," Rec. Supp. at 20, and stated: "then we will call it off. I can't prove my case the way you are doing it," id. Appellees moved for judgment in their favor. When the judge asked for appellants' response to that motion, Mr. Jenkins reiterated his contention that he was being

denied due process, and stated that the proceedings were "totally unconstitutional" unless the court put the witness rule in effect. Id. at 21. When Mr. Jenkins refused to proceed with his case and present evidence in support of his claims, the bankruptcy court dismissed the complaint with prejudice and awarded costs to appellees. Mr. Jenkins appealed the bankruptcy court's ruling to the district court.

Appellees filed a motion to dismiss the appeal, contending that appellants' notice of appeal failed to satisfy the applicable standards. After briefing on the appeal, the magistrate judge recommended granting the motion to dismiss in part by dismissing Madeline F. Jenkins from the appeal, and affirming the bankruptcy court's dismissal of the adversary proceeding complaint. The district court adopted the magistrate judge's report and recommendation.

On appeal to this court, the Jenkins raise three issues. First, they argue the merits of their contentions in the underlying bankruptcy proceeding and a related state court suit. Because neither the bankruptcy court nor the district court reached these issues, we cannot review them on appeal. See R. Eric Peterson Constr. Co. v. Quintek, Inc. (In re R. Eric Peterson Constr. Co.), 951 F.2d 1175, 1182 (10th Cir. 1991). Further, the district court correctly ruled that, outside of appellees' motion to dismiss, the only issue before it was the propriety of the bankruptcy court's dismissal. See Affiliated Ute Citizens v. Ute Indian Tribe,

22 F.3d 254, 255 (10th Cir. 1994)(no review of issues not necessary to support the underlying ruling).

Second, appellants assert that the bankruptcy court was biased against them because they are pro se litigants. Some of their contentions in support of this argument were not raised to the district court, and we decline to entertain them. To the extent that this issue was raised and argued before the district court, we agree with the district court that appellants' allegations do not suffice to demonstrate bias. See Lopez v. Behles (In re American Ready Mix, Inc.), 14 F.3d 1497, 1501 (10th Cir.), cert. denied, 115 S. Ct. 77 (1994).

Subsumed within appellants' argument on this point, albeit not raised expressly until their reply brief, is a challenge to the bankruptcy court's denial of appellants' motion to invoke the witness rule and the subsequent dismissal of their complaint when they refused to go forward with their evidence. We review these bankruptcy court rulings for an abuse of discretion. See First Nat'l Bank LaGrange v. Martin (In re Martin), 963 F.2d 809, 814-15 & n.4 (5th Cir. 1992)(ruling under Fed. R. Evid. 615); In re Pyramid Energy, Ltd., 869 F.2d 1058, 1061 (7th Cir. 1989)(bankruptcy court's dismissal of adversary proceeding). Although we hold appellants' pleadings to less stringent standards than those drafted by lawyers, Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988), pro se litigants must follow the same procedural rules as other litigants, Green v.

<u>Dorrell</u>, 969 F.2d 915, 917-18 (10th Cir. 1992), <u>cert. denied</u>, 507 U.S. 940 (1993). After a review of the record on appeal, we conclude the bankruptcy court did not abuse its discretion in this case. The bankruptcy court was correct in ruling the witness rule cannot be invoked to exclude parties (see Fed. R. Evid. 615), and the court was also correct in dismissing appellants' case when Mr. Jenkins refused to proceed.

Third, appellants contend the district court erred when it granted appellees' motion to dismiss in part, dismissing Madeline F. Jenkins from the appeal. In their motion to dismiss, appellees argued that the notice of appeal failed to name Ms. Jenkins as an appellant from the bankruptcy court's judgment, and the district court agreed. We review this issue de novo, as a question of law, <u>Estate of Holl v. Commissioner</u>, 967 F.2d 1437, 1438 (10th Cir. 1992), and conclude that the district court's ruling was correct. The notice of appeal does not evidence Ms. Jenkins' intent to appeal, as argued on appeal to this court. <u>See</u> <u>Storage Technology Corp. v. United States Dist. Ct.</u>, 934 F.2d 244, 247 (10th Cir. 1991)(failure to "adequately describe all the appealing parties" results in district court's lack of jurisdiction). Whether the district court erred in dismissing Ms. Jenkins as an appellant becomes an esoteric question in this case because it appears both Mr. and Ms. Jenkins were asserting the same issues. Whether there

were one or two appellants would not alter the outcome of this case before the district court or this court.

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge