**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 9 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DORIS A. RAILEY,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security,[*]

      Defendant-Appellee.

No. 97-7050
(D.C. No. CV-96-220-B)
(E. D. Okla.)

---

ORDER AND JUDGMENT[**]

---

Before PORFILIO and LUCERO, Circuit Judges, and MARTEN,[***] District
Judge.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and
Human Services in social security cases were transferred to the Commissioner of
Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Kenneth S.
Apfel, Commissioner of Social Security, is substituted for Donna E. Shalala,
Secretary of Health and Human Services, as the defendant in this action.

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     The Honorable J. Thomas Marten, District Judge, United States District
Court for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Doris A. Railey appeals the district court's affirmance of the final decision of the Commissioner of Social Security denying plaintiff's application for disability insurance benefits. Because the Commissioner's decision, rendered after four admininstrative hearings, is not supported by substantial evidence and several legal errors occurred, we reverse and remand for an immediate award of benefits.

Procedural History

This case has an extensive procedural history. Plaintiff filed her application for disability benefits on July 25, 1990, alleging an inability to work after July 4, 1989, due to back and knee pain, difficulty with her hands, and asthma. She also has been diagnosed with a mental impairment. Plaintiff's insured status lapsed on September 30, 1990.

Four hearings have been held now on plaintiff's application. After the first hearing in June 1991, an administrative law judge (ALJ) found plaintiff able to perform a wide range of medium to light work, and thus not disabled. This decision was reversed and remanded by the Appeals Council because it was both

internally inconsistent and inconsistent with the evidence. After a second hearing in September 1992, the ALJ determined plaintiff could perform light work, and thus was not disabled. The Appeals Council again remanded the case on the ground that the decision disregarded, without explanation, the impact plaintiff's mental condition had on her ability to work. After a third hearing, plaintiff was determined able to perform her former light work. The Appeals Council denied review, but in September 1994 the case was remanded by the district court, because the ALJ's findings on the Psychiatric Review Technique Form (PRTF) were inconsistent with his finding that plaintiff did not suffer from a mental impairment before September 30, 1990, thereby undermining the finding that plaintiff had the mental residual functional capacity to return to her former work. A fourth hearing was had on January 19, 1996, at which a medical expert and a vocational expert testified. Thereafter, the ALJ determined that despite plaintiff's physical and mental impairments, she could perform her former work and thus was not disabled. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. The district court affirmed, and this appeal followed.

We review the Commissioner's decision to determine whether his factual findings are supported by substantial evidence and whether correct legal standards were applied. See Hawkins v. Chater, 113 F.3d 1162, 1162 (10th Cir. 1997).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). We may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

On appeal, plaintiff argues the Commissioner's decision must be reversed because (1) the finding that plaintiff has the residual functional capacity to perform light work is deficient because the ALJ did not consider all her medically determinable impairments; (2) the ALJ did not specify the evidence relied upon to find plaintiff's nonexertional impairments nondisabling, as required by Kepler v. Chater, 68 F.3d 387, 390-91 (10th Cir. 1995); (3) the ALJ's findings on the PRTF regarding plaintiff's mental impairment are not supported by substantial evidence; and (4) the ALJ did not determine plaintiff's mental residual functional capacity and compare it to the demands of her former work as required by Henrie v. United States Department of Health & Human Services, 13 F.3d 359, 361 (10th Cir. 1993). The Commissioner argues plaintiff is barred from raising her first and second issues because she did not appeal the district court's approval of these findings in its review of the third administrative decision. We conclude plaintiff is not barred from raising these issues on appeal, and that obvious legal errors in the fourth administrative decision require reversal.

Analysis

In reviewing the Commissioner's third administrative decision, the district court held substantial evidence supported the ALJ's findings that plaintiff could perform light work and that she was not disabled by pain. The court reversed the Commissioner's decision, however, because the ALJ's assessment of plaintiff's mental residual functional capacity was not supported by the evidence.

Plaintiff's failure to appeal the district court's unfavorable rulings in its order reversing the third administrative decision does not preclude her from raising similar arguments to this court. First, it is doubtful plaintiff had standing to appeal such rulings, as the overall judgment was in her favor. See, e.g., California v. Rooney, 483 U.S. 307, 311-13 (1987) (dismissing writ as improvidently granted where party seeking review obtained judgment entirely in its favor, and objectionable statement in opinion, if given effect in subsequent trial, could be appealed); Affiliated Ute Citizens v. Ute Indian Tribe, 22 F.3d 254, 255-56 (10th Cir. 1994) (holding party lacked standing to appeal favorable judgment). Second, the district court's approval of the administrative findings was not essential to its ultimate judgment reversing the third administrative decision, and such findings now have been superseded by new findings in the fourth administrative decision. See Sullivan v. Finkelstein, 496 U.S. 617, 624-25 (1990) (explaining "each final decision of the [Commissioner] will be reviewable

by a separate piece of litigation" in the district court); Affiliated Ute Citizens, 22 F.3d at 255 (explaining "[a] prevailing party may not appeal and obtain a review of the merits of findings it deems erroneous which are not necessary to support the [judgment]"). We therefore examine the merits of plaintiff's appeal.

In support of her application for disability benefits, plaintiff submitted medical evidence she has been diagnosed with several physical impairments, including a post-surgical knee condition, an impairment to the lumbosacral spine, carpal tunnel syndrome, and a respiratory condition. In evaluating plaintiff's physical impairments, the ALJ determined that plaintiff's knee condition was the only "physical impairment which might be considered disabling," citing 20 C.F.R. § 404.1520(c) (setting out step-two requirement that impairment or combination of impairments be "severe"). See Appellant's App. at 438. Thereafter, the ALJ made no mention of plaintiff's back impairment, wrist impairment, or respiratory impairment. This analysis constituted legal error.

At step two, a claimant is required only to make a "de minimus showing" that her medically determinable impairments, in combination, are severe enough to significantly limit her ability to perform work-related activity. See Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988). To determine whether the claimant's impairments are sufficiently severe, the Commissioner must "consider the combined effect of all of the individual's impairments without regard to

whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. § 423(d)(B); 20 C.F.R. § 404.1523. At this stage, the ALJ may not dismiss any of a claimant's impairments as nonsevere and disregard them thereafter. See Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *5 (July 2, 1996) (clarifying that ALJ must consider both severe and not severe impairments when assessing residual functional capacity). Instead, the statutes and regulations make it clear state that if the claimant's combined impairments are medically severe, the Commissioner must consider "the combined impact of the impairments throughout the disability determination process." 42 U.S.C. § 423(d)(B); 20 C.F.R. § 404.1523.

The record shows plaintiff's medically determinable knee impairment, back impairment, wrist impairment, and respiratory impairment, when combined with her mental impairment, were medically severe, in that they significantly limited her ability to do basic work activities. See 20 C.F.R. § 1520(c). The ALJ was then required to assess these impairments further to determine the effect, if any, they had on plaintiff's residual functional capacity. His failure to do so requires reversal of the decision.

The ALJ's decision is also deficient based on his failure to set out the evidence relied upon in determining the credibility of plaintiff's nonexertional complaints. In evaluating plaintiff's complaints of pain and weakness, the ALJ

simply summarized the factors he considered and concluded her complaints were not credible, without discussing any of the specific evidence and how it related to the factors. This is exactly the procedure condemned in Kepler v. Chater, 68 F.3d 387, 390-91 (10th Cir. 1995) (holding inadequate ALJ's summary of factors and conclusion regarding credibility without explanation of how specific evidence led to conclusion).

Finally, the ALJ committed reversible error in his failure to determine the mental requirements of plaintiff's former work and plaintiff's ability to perform such work given her mental residual functional capacity. See Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 361 (10th Cir. 1993) (requiring ALJ to determine claimant's residual functional capacity, physical and mental demands of former job, and claimant's ability to return to job given her residual functional capacity). The ALJ's questions to the vocational expert concerned only the physical demands of claimant's former work as a mail clerk or sales clerk, with no discussion of the mental demands of either position. As such, the record was "not sufficiently developed" to make a ruling that plaintiff could return to her past relevant work. Id. at 360.

The errors in the ALJ's decision are obvious and unexplained, requiring reversal for a fourth time. Plaintiff has requested this court to award benefits as a matter of law. Given plaintiff's advanced age when she filed her application, her

evidence of several medically determinable impairments, and the Commissioner's inability to produce an affirmable decision after four administrative hearings, we agree. See, e.g., Nielson v. Sullivan, 992 F.2d 1118, 1122 (10th Cir. 1993) (directing award of benefits based on Secretary's failure to follow regulations, claimant's advanced age, and length of time case pending, and noting court's discretion to order award of benefits); Emory v. Sullivan, 936 F.2d 1092, 1093-95 (10th Cir. 1991) (reversing step four determination and directing award of benefits).

The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED and the case is REMANDED for an immediate award of benefits.

Entered for the Court

J. Thomas Marten
District Judge

Case No. 97-7050, Railey v. Apfel

Carlos F. Lucero, Circuit Judge, concurring in part, dissenting in part

I agree with the analysis of the majority determining that legal errors in the fourth administrative decision require reversal. Nevertheless, I cannot concur in the majority's conclusion directing the award of benefits to plaintiff. My review of the record persuades me that it is debatable whether plaintiff is entitled to an award on the merits.

It is regrettable that the ALJ has been unable to adequately respond to previous directions, but given that this is our first opportunity to review plaintiff's appeal, I would remand for an administrative hearing and a proper analysis. See, e.g., Kepler v. Chater, 68 F.3d 387, 392 (10th Cir. 1995) (remanding for express findings and further proceedings); Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 361 (10th Cir. 1993) (reversing and remanding for further proceedings).