FILED
United States Court of Appeals
Tenth Circuit

June 9, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

INFANT SWIMMING RESEARCH,
INC.,

      Plaintiff-Appellant,

v.

FAEGRE & BENSON, LLP; JUDY
HEUMANN; NORMAN HEUMANN;
MARK FISCHER,

      Defendants-Appellees.

Nos. 07-1510, 08-1235 & 08-1484
(D.C. No. 1:07-CV-00839-LTB-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **McCONNELL**, **McKAY**, and **ANDERSON**, Circuit Judges.

Invoking diversity jurisdiction, plaintiff Infant Swimming Research Inc.,

("ISR"), filed a complaint against attorney Mark Fischer, his then-law firm,

Faegre & Benson, L.L.P., ("Faegre"), and their clients, Judy and Norman

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Heumann, based on Fischer's admission that, during the pendency of litigation between ISR and Ms. Heumann, he fabricated a federal court order that released ISR's judgment lien on Ms. Heumann's property. In separate orders, the district court dismissed all of ISR's claims, based on its finding that, nothwithstanding Fischer's abhorrent conduct, ISR suffered no injury-in-fact because its judgment was paid in full immediately after the final judgment was entered; thus, it never needed to execute or rely on its lien. ISR appeals the district court's (1) partial grant of Faegre's motion to dismiss and its grant of Faegre's motion for summary judgment as to the remaining claims (Appeal No. 07-1510); (2) dismissal of the claims against Fischer and the Heumanns under Fed. R. Civ. P. 12(b)(1) (Appeal No. 08-1235); and (3) award of attorney fees and costs to Fischer and the Heumanns pursuant to Colo. Rev. Stat. § 13-17-201, which mandates such award when an action is dismissed under Rule 12(b) (Appeal No. 08-1484). We have jurisdiction over all of the appeals under 28 U.S.C. § 1291, and we affirm.

## I. Factual Background

A. The Underlying ISR/Heumann Litigation. In April 2000, ISR sued Judy Heumann for breach of a license agreement and misappropriation of trade secrets. In February 2004, a jury ruled that Ms. Heumann had breached the license agreement but had not misappropriated trade secrets. *See Harvey Barnett, Inc. v. Shidler*, 200 F. App'x 734, 736 (10th Cir. 2006). Judgment was entered against Ms. Heumann in favor of ISR, and ISR recorded the judgment as a lien against

-2-

the Heumanns' real property.  ISR and Ms. Heumann cross-appealed.  Fischer, then a partner with Faegre, represented Ms. Heumann at trial and on appeal.  In August 2006, this court affirmed the jury's verdict against Ms. Heumann, but reversed the award of attorney fees to ISR, and remanded the matter to the district court.  *See id*. at 736-37.

On remand, the district court entered judgment against Ms. Heumann for ISR's attorneys' fees in March 2007.  Ms. Heumann immediately tendered payment of $44,836.09 to the district court, the full judgment amount she claimed was due if the court granted her motion to permit certain offsets.  While that motion was pending, ISR's counsel discovered that a false satisfaction-of-judgment order had been recorded in April 2005, releasing ISR's judgment lien on the Heumanns' property.

On April 9, 2007, Fischer sent a letter to the federal court and the parties admitting that, on April 25, 2005, he had fabricated a false federal court order, forging the district court judge's signature, that purported to stay the ISR judgment and release ISR's recorded judgment lien against the Heumanns' property.  *See* No. 07-1510, Aplt. App. at 68.  He stated that he had done so without assistance from any other person and, specifically, without the knowledge or involvement of either Ms. Heumann or anyone at Faegre.  *See id*.  Fischer further stated that he had given the false order to Ms. Heumann, "knowing that she would file it with the Boulder County Clerk and Recorder in connection with

securing permanent financing for a home she and her husband were building." *Id.* Fischer withdrew as counsel, resigned from Faegre, and was immediately suspended from the practice of law. He later pleaded guilty to forging the signature of a federal judge, in violation of 18 U.S.C. § 505, and was disbarred.

The district court allowed Ms. Heumann's requested offsets, and entered a final judgment for ISR for $44,901.87 in June 2007, ruling that this judgment superceded all prior judgments in the case. Two days later, Ms. Heumann paid in full the net judgment against her to ISR.

B. The Complaint at Issue. In April 2007, immediately after receipt of Fischer's letter, but before the final judgment in the ISR/Heumann litigation was entered, ISR filed the complaint at issue in these appeals. The complaint asserted ten claims, including claims against all defendants for fraudulent transfer; fraud; negligent misrepresentation; conspiracy; contempt; and declaratory and injunctive relief; as well as a claim of negligent supervision against Faegre.

1. Claims Against Faegre. Faegre filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. A month later, it filed a motion for summary judgment, and submitted as evidence Fischer's April 9, 2007 letter and a sworn declaration from Fischer. In the declaration, Fischer stated that no one associated with Faegre had any knowledge of his fabrication prior to his April 9, 2007 disclosure, or had reason to suspect his fabrication; nor did anyone associated with Faegre authorize, agree to, or support the fabrication. Faegre's

motion also asserted that the complaint should be dismissed for lack of subject matter jurisdiction because ISR had not been damaged because ISR never attempted to execute on the judgment lien, its judgment was paid in full, and, thus, the fabricated release order never impeded or impaired its ability to have its judgment satisfied.

In response, ISR argued that Faegre's motion was deficient because (1) it did not include any affidavit from Faegre; (2) a Faegre associate and paralegal had worked on issues relating to a stay of judgment and a supersedeas bond between December 22, 2004 and January 6, 2005; (3) the court should disregard Fischer's declaration because he was an admitted forger; (4) Fischer also fabricated another court order purporting to set a bond amount of $90,000;[1] (5) ISR was entitled to damages under Colo. Rev. Stat. § 38-35-109(3), which allows the owner of real property to recover damages if a false lien is placed on his property; and (6) discovery had not yet begun (though ISR never filed a Fed. R. Civ. P. 56(f) motion).

---

[1] Fischer stated in his April 9, 2007 letter that, before giving the false judgment lien release order to Ms. Heumann for recording, he told her to give Faegre $90,000, for deposit in the Registry of the Court in order to secure the stay of execution, but he never made that deposit. *See* No. 07-1510, Aplt. App. at 154. To obtain these funds, Fischer told Ms. Heumann she could post a $90,000 bond in order to release the judgment lien on her property. Faegre explained to the court that Fischer fabricated a supersedeas bond order, setting the bond at $90,000, gave it to Ms. Heumann, who then gave Fischer $90,000, believing it would be used to post bond in order to release the judgment lien. *See id*. at 223-24.

Reviewing an amended ISR complaint, the district court ruled that ISR had sufficiently stated claims for vicarious liability under Colorado's partnership law, for negligent supervision, and for conspiracy, but had not alleged any actual controversy to support its claims for declaratory and injunctive relief. Thus, it granted in part the motion to dismiss.

The court then granted summary judgment to Faegre as to all of the remaining claims. The court ruled that even if ISR could establish vicarious liability on its fraud, negligent misrepresentation and contempt claims against Faegre, these claims must nonetheless be dismissed because ISR failed to present any evidence that it suffered an injury-in-fact. It is undisputed that ISR's judgment was paid in full, and that ISR never needed or attempted to execute on its judgment lien.

The court rejected ISR's argument that it was entitled to damages under Colo. Rev. Stat. § 38-35-109(3). That statute grants damages to an owner of real property whose title to that property is affected by a forged document. Here, the court ruled, the real owner is the Heumanns, not ISR. The court rejected ISR's claim for punitive damages because it had not suffered any actual damages. It also ruled that ISR had not presented any evidence to support its claim for unawarded attorney fees incurred in the underlying ISR/Heumann litigation. Finally, the court ruled that ISR failed to present evidence of a genuine issue of material fact sufficient to support its negligent supervision or conspiracy claims.

2. Claims Against Fischer and Heumanns. Fischer filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, asserting that ISR's claims were not justiciable because it suffered no injury-in-fact, and that ISR failed to establish the threshold amount of damages for diversity jurisdiction. In response, ISR argued that it was entitled to damages for civil contempt; damages under Colo. Rev. Stat. § 38-35-109(3); attorney fees incurred in the underlying ISR/Heumann litigation; disgorgement of benefits; and attorney fees incurred in the current action.

The district court ruled that there is no independent cause of action for civil contempt, and that any civil contempt order requiring Fischer to pay a civil contempt sanction to ISR could only have been issued by the court in the underlying ISR/Heumann action, where Fischer's wrongful conduct arose. It again ruled that ISR was not entitled to damages under Colo. Rev. Stat. § 38-35-109(3) because it was not the owner of the affected real property. It rejected ISR's argument that it could recover as actual damages in *this* action based on its claims for unawarded attorney fees in the underlying ISR/Heumann litigation. ISR's assertion was based on its speculation that the Heumanns would not have been able to pursue the appeal in the prior case had it not been for the false lien release. The district court ruled there was no evidence of such damages because ISR prevailed in the prior case, was paid its judgment with accrued interest, and was awarded its attorney fees. The court further ruled ISR failed to

present any evidence or legal authority for its claims for disgorgement of benefits and lost business opportunity costs. The court again rejected ISR's claim for punitive damages because it had not suffered any actual damages. Finally, it again ruled that ISR failed to state a claim for injunctive or declaratory relief.

After the district court granted Faegre's and Fischer's motions, the Heumanns filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction because, as previously found by the court, ISR's claims were not justiciable because ISR had not suffered any injury-in-fact. For the same reasons articulated in the Faegre and Fischer orders, the district court granted the motion, ruling that ISR's claims were not justiciable because it suffered no injury-in-fact.

## II. Legal Analysis

We first address ISR's appeal of the dismissal of its claims against Fischer and the Heumanns, then ISR's appeal of the dismissal of its claims against Faegre, and finally ISR's challenge to the award of attorney fees.

A. Appeal No. 08-1235; Dismissal of Claims against Fischer and the Heumanns. In this appeal, ISR contends the district court erred in ruling that ISR's claims against Fischer and the Heumanns were not justiciable at the motion-to-dismiss stage. It asserts that Fischer engaged in wrongful conduct, and, therefore, a remedy is needed and the court should find some way to award damages. To the contrary, the Supreme Court has held that mere observation of wrongful conduct does not confer standing; rather, to have standing, a party must

-8-

demonstrate personal injury that he suffered as a consequence of that conduct. *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 485-86 (1982) (holding that observing and disagreeing with unlawful conduct is not a substitute for a resulting, personal injury-in-fact). Moreover, it is ISR's burden to establish such injury, not the court's obligation to find some way to award damages. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (holding that party invoking federal jurisdiction bears the burden of establishing standing); *see also Renne v. Geary*, 501 U.S. 312, 316 (1991) ("We presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." (internal quotation marks omitted)).

"Article III of the United States Constitution restricts the judicial authority to deciding 'Cases' and 'Controversies'" and "[t]he case-or-controversy requirement is satisfied only where a plaintiff has standing." *Protocols, LLC v. Leavitt*, 549 F.3d 1294, 1298 (10th Cir. 2008) (quotations omitted).

> To satisfy the standing requirement, a plaintiff must have such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination. Accordingly, standing depends on the plaintiff's showing (1) an injury in fact that is both concrete and particularized as well as actual or imminent; (2) a causal relationship between the injury and the challenged conduct; and (3) a likelihood that the injury would be redressed by a favorable decision.

*Id*. (quotations and citations omitted).

"This showing must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id.* (quotation omitted). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice. . . ." *Lujan*, 504 U.S. at 561. If, however, the defendant files a motion to dismiss for lack of jurisdiction, thus putting the plaintiff's Article III standing in issue, a district court may conduct limited discovery on the jurisdictional issue and resolve the matter on motion supported by affidavits, or, if a genuine issue of material fact exists, may conduct an evidentiary hearing. *See Alliance For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 87-88 (2d Cir. 2006). At the summary judgment stage, "mere allegations of injury are insufficient. Rather, a plaintiff must establish that there exists no genuine issue of material fact as to justiciability." *Dep't of Commerce v. U.S. House of Representatives*, 525 U.S. 316, 329 (1999).

We review the district court's Rule 12(b)(1) dismissal de novo. *Wyoming v. United States*, 279 F.3d 1214, 1222 (10th Cir. 2002). Based on our review of the record and the briefing, we agree with the district court's conclusion that ISR failed to present any evidence that it suffered any injury as a result of Fischer's wrongdoing.

ISR asserts, without discussion or argument, that the district court failed to apply *Double Oak Construction, L.L.C. v. Cornerstone Development*

-10-

*International, L.L.C.*, 97 P.3d 140 (Colo. App. 2003). No. 08-1235, Opening Br. at 14. That case held that, under Colorado's Uniform Fraudulent Transfer Act, a fradulent transfer of property made with actual intent to defeat, hinder or delay a creditor is a legal wrong once the creditor's claim is made known, even if no lien has been placed on the property. *Id*. at 146-47. But nothing in *Double Oak* obviates the essential element that the creditor demonstrate that it suffered actual damages as a proximate result of the wrongful transfer. *Id*. at 146. ISR speculates that it lost business opportunities because the release of the lien provided Ms. Heumann with financial resources to compete with ISR, *see* No. 08-1235, Opening Br. at 15, but it presents no evidence of this purely conjectural allegation, *see Lujan*, 504 U.S. at 560 (holding that injury in fact must be actual and imminent, not conjectural and hypothetical). "[A] plaintiff cannot rest a jurisdictional basis merely on unsupported conclusions or interpretations of law." *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) (quotations omitted) (holding that plaintiff failed to demonstrate injury-in-fact where defendant caused a tax lien to be placed on her property, thus clouding title, but then paid taxes, releasing lien).

ISR asserts that it does not matter that its judgment was paid in full, because that did not satisfy the attorney fees it was owed in the ISR/Heumann litigation. No. 08-1235, Opening Br. at 16. But it is undisputed that ISR was awarded its attorney fees in that matter, and (assuming purely for the sake of

argument that ISR's theory is even legally cognizable in this action), ISR presents no evidence that it incurred any attorney fees related to the fraudulent release order which are somehow unaccounted for in the fee award that it received in that matter.

Finally, ISR cursorily lists its damage theories:  civil contempt; Colorado's recording statute, § 38-35-109; punitive damages; and disgorgment of benefits, none of which are supported by any evidence of actual damages.  But ISR fails to address the district court's rationale for rejecting those theories, nor does it even assert that the district court's rulings on those theories was in error.  Thus, we deem these issues waived.  *See Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n*, 483 F.3d 1025, 1031 (10th Cir. 2007) ("Where an appellant lists an issue, but does not support the issue with argument, the issue is waived on appeal.").

Accordingly, because ISR failed to demonstrate any injury-in-fact, we conclude that the district court correctly dismissed all of ISR's claims against Fischer and the Heumanns under Rule 12(b)(1).

B.  Appeal No. 07-1510; Dismissal of Claims Against Faegre.

ISR claims[2] that the district court erred in granting summary judgment.

It first argues that under partnership law, Faegre should be jointly and severally

liable for the wrongs committed by its partner, Fischer.  No. 07-1510, Opening

Br. at 15-18.  ISR also contends there is evidence that Faegre was involved in the

forgery, based on billing records showing that a Faegre associate and paralegal

billed time related to a stay of judgment and a supersedeas bond three months

before Fischer's forgery.  We do not address these merit-based arguments,

however, because the district court dismissed for lack of jurisdiction based on

ISR's failure to demonstrate any injury-in-fact.  Article III standing must be

decided before the merits.  *See Alliance For Envtl. Renewal, Inc.*, 436 F.3d at 85

(citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)).  Thus, the

only issue properly before us with respect to the district court's dismissal of

ISR's claims is the propriety of its justiciability ruling.  *See Affiliated Ute*

*Citizens v. Ute Indian Tribe*, 22 F.3d 254, 255 (10th Cir. 1994) (holding that a

court will not review issues not necessary to support the underlying ruling).

---

[2]     ISR's first claim of error in Appeal No. 07-1510 is that the appeal should
be stayed until the district court makes a final determination regarding all claims
and all parties.  Since ISR filed its opening brief, the district court has made those
final determinations, entered final judgment with respect to all of the claims
against all of the parties, and ISR's three appeals have been consolidated.  Thus,
that claim of error is now moot.

As to the court's justiciability ruling, ISR simply contends that it sought damages and that Faegre is responsible for those damages. It lists the theoretical claims of damages it set forth in its complaint, but it does not point us to any evidence of personal injury or damage, nor does it even present any argument on appeal as to why it believes the district court erred in rejecting its damage-related legal theories. *See* Opening Br. in No. 07-1510, at 18-19. Accordingly, we deem the justciability issue in Appeal No. 07-1510 waived. *See Christian Heritage Acad.,* 483 F.3d at 1031. Thus, we affirm the district court's dismissal of all claims against Faegre for lack of subject matter jurisdiction.

C. <u>No. 08-1484: Appeal of Attorney Fee Award to Fischer and the Heumanns</u>. The district court ordered ISR to pay Fischer's and the Heumanns' attorney fees incurred in defending against ISR's complaint pursuant to Colo. Rev. Stat. § 13-17-201. It awarded Fischer's attorney fees of $25,635.00, and costs of $192.63, and the Heumanns' attorney fees of $31,849.00 and costs of $588.86. ISR appeals those awards. We review the district court's interpretation and application of that statute de novo, *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000), and the reasonableness of the award for abuse of discretion, *Sussman v. Patterson*, 108 F.3d 1206, 1209 (10th Cir. 1997).

Section 13-17-201 requires the trial court to award reasonable attorney fees to a defendant when it dismisses a tort action under Rule 12(b). The statute provides:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action. This section shall not apply if a motion under rule 12(b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure.

The Colorado legislature enacted the statute to "discourage unnecessary litigation of tort claims," and it applies not only to tort actions involving death or injury to person or property, but also to tort actions involving mere economic injury. *Houdek v. Mobil Oil Corp.*, 879 P.2d 417, 424 (Colo. App. 1994). The Tenth Circuit has held that, when exercising diversity jurisdiction, federal courts should use § 13-17-201 as the fee recovery provision when Colorado state law tort claims are dismissed under Fed. R. Civ. P. 12(b) because courts "must apply the substantive law of the forum state" and attorney fee statutes are considered substantive for diversity purposes. *Jones*, 203 F.3d at 757 (quotation omitted).

1. Interpretation and Application of Section 13-17-201. ISR first asserts, without elaboration or citation to legal authority, that this court must give direction to the district court that it had discretion to deny fees under § 13-17-201. We find no authority for this proposition. Both the plain language

-15-

of the statute and numerous court decisions make clear that an award of attorney

fees is mandatory when a trial court dismisses an action under Rule 12(b).

*See, e.g.*, *Kreft v. Adolph Coors Co.*, 170 P.3d 854, 859 (Colo. App. 2007); *Wark

v. Bd. of County Comm'rs*, 47 P.3d 711, 717 (Colo. App. 2002); *Barnett v. Denver

Publ'g Co.*, 36 P.3d 145, 148 (Colo. App. 2001); *see also Jones*, 203 F.3d

at 757 n.6 (holding that § 13-17-201 "applies with equal force when a federal

court dismisses" a Colorado state tort claim pursuant to Fed. R. Civ. P. 12(b)).

Thus, we find no basis for ISR's assertion that the district court was not bound by

the mandatory requirements of § 13-17-201.[3]

Next, ISR claims that its complaint was not a tort action because three of

the ten claims were not tort claims, asserting that § 13-17-201 applies only to the

dismissal of an entire action of tort claims. Colorado courts have rejected this

same argument, holding that a defendant who succeeds in dismissing a complaint

under Rule 12(b) is entitled to the fee award even if the complaint included a mix

of tort and non-tort claims. *See Dubray v. Intertribal Bison Co-op.*, 192 P.3d 604,

---

[3]     ISR repeatedly asserts that Fischer should not be awarded attorney fees which resulted from him forging a court order, implying that the district court had discretion to consider this factor. As noted, the district court did not have such discretion. Further, the attorney fees in this case did not result from Fischer's forgery, but from ISR's prosecution of a complaint consisting of claims it lacked standing to assert. Finally, "[w]hile the award of fees under section 13-17-201 may lead to harsh consequences in particular cases, that is an issue for the [Colorado] Assembly, not this court, to resolve." *Villalpando v. Denver Health & Hosp. Auth.*, 181 P.3d 357, 365 (Colo. App. 2007), *cert. denied*, No. 07SC1064, 2008 WL 921297 (Colo. Apr. 7, 2008).

-16-

607 (Colo. App. 2008) ("Here, . . . six of [plaintiff's] eight claims against defendants, and eight of his ten total claims asserted, were pleaded as tort claims. . . . Under these circumstances, we perceive no error in the trial court's determination that this action 'was brought as a result of a death or an injury to person or property occasioned by the tort of any other person' within the meaning of section 13-17-201.") (citing *Wark v. Bd. of County Comm'rs*, 47 P.3d 711, 717 (Colo. App. 2002), which affirmed trial court's award of attorney fees under § 13-17-201 based on dismissal of the plaintiff's contract and tort claims under Rule 12(b)). The cases cited by ISR hold only that the entire complaint must be dismissed under Rule 12(b), not that all such dismissed claims must be tort claims, as the court in *Dubray* made clear. 192 P.3d at 607 (clarifying that the only requirement of § 13-17-201 is a complete dismissal of all claims under Rule 12(b), and that prior cases do not stand for the proposition that § 13-17-201 is inapplicable to actions involving both tort and non-tort claims).

ISR next contends that § 13-17-201 does not apply because the court went beyond the pleadings and considered evidence when it dismissed the claims under Rule 12(b)(1) for lack of subject matter jurisdiction, thus converting the matter to a motion for summary judgment. Again, however, Colorado has squarely rejected this argument. "[W]hen a party challenges the allegations supporting subject-matter jurisdiction, the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional

-17-

facts[, and i]n such instances, a court's reference to evidence outside the pleadings does not convert the motion to dismiss to a Rule 56 motion for summary judgment." *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003) (quotation, citation, and brackets omitted). Based on this principle, Colorado has ruled that courts can consider evidence outside the pleadings in ruling on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction without converting it to a motion for summary judgment, and, in such a case, an award of attorney fees is, under the "plain language of § 13-17-201," nonetheless "mandatory." *Smith v. Town of Snowmass Vill.*, 919 P.2d 868, 873 (Colo. App. 1996).

ISR contends the Heumanns failed to present evidence to the district court that it actually paid its attorneys its requested fees and costs or that it has any responsibility to pay those fees. There is, however, no requirement in Section 13-17-201 that a defendant demonstrate that it has paid its attorneys in order to recover its attorney fees and costs. *Cf. Boulder Plaza Residential, LLC, v. Summit Flooring, LLC*, 198 P.3d 1213, 1217 (Colo. App. 2008) (holding that, although defendant's attorney was paid by a third party, defendant is still entitled to seek recovery of those fees and costs from any party liable therefor, and whether defendant must in turn remit any such recovery to the third party does not impair its right to recover them), *cert. denied*, No. 08SC470, 2009 WL 61656

(Colo. Jan. 12, 2009). We find no legal error in the district court's interpretation and application of Colo. Rev. Stat. § 13-17-201.

2. Reasonableness of Awards. ISR contends the amounts of the fee and cost awards were excessive. It first contends that Fischer and the Heumanns improperly submitted redacted and bulk bills without specification of the time spent on each item. While it is true that parts of the narrative portion of some entries submitted by Fischer were redacted as attorney-client privileged, none of the Heumann bills contained any redactions. Further, both the Fischer and Heumann bills contained detailed narratives of the work performed and specified the time spent on each item. Based on our review of the redacted records, we cannot agree with ISR's assertion that the bills submitted by Fischer were so heavily redacted that he failed to provide a detailed description of the services rendered. Rather, we conclude that ISR had adequate information from the redacted bills to meaningfully evaluate and object, if necessary, to the submitted entries. The district court, without objection from ISR, conducted an *in camera* review of the unredacted Fischer bills and concluded that the time spent for the entries was reasonable.

ISR next contends the Heumanns simply copied the Fischer motion to dismiss. There is no evidence to support this assertion, nor does ISR articulate any specific objection to the reasonableness of any specific time entry.

Next, ISR objects to the cost awards, arguing that electronic research costs and Heumanns' counsel's travel expenses from Boulder to Denver are not allowable; an evidentiary hearing is required to award costs; and Fischer and the Heumanns failed to include actual invoices for their costs. The district court awarded recovery of computerized legal research expenses and travel expenses pursuant to Colo. Rev. Stat. § 13-16-113, which does not limit the type of costs that can be recovered. *See City of Westminster v. Centric-Jones Constructors*, 100 P.3d 472, 487 (Colo. App. 2003) (under § 13-16-113, "an award of costs is committed to the sole discretion of the trial court") (quotation omitted)). ISR did not raise either the actual-invoice issue or the evidentiary-hearing issue in the district court; thus, we will not address them for the first time on appeal. *See Tele-Commc'ns, Inc. v. Comm'r*, 104 F.3d 1229, 1233 (10th Cir. 1997) ("[A]n issue must be presented to, considered and decided by the trial court before it can be raised on appeal.") (quotations and brackets omitted)).

Finally, ISR argues that the attorney fee award to Fisher was improperly based on the *in camera* review. Five months before issuing its order setting the amount of attorney fees, the district court entered an order stating that it would conduct an *in camera* review of the unredacted bills. ISR raised no objection to that procedure then or at any time thereafter. Thus, we will not address that issue for the first time on appeal. *See id.* Moreover, we cannot review the district court's evaluation of the unredacted bill because ISR did not move to have the

unredacted bill filed under seal with this court or otherwise cause the unredacted bills to be included in the appendix. *See Burnett v. Sw. Bell Tel., L.P.*, 555 F.3d 906, 907-10 (10th Cir. 2009) (refusing to supplement record with missing district court documents necessary for review, including essential supporting exhibits that were filed under seal, which appellate court is precluded from accessing); 10th Cir. R. 30.1(A)(1) (The appellant's appendix must be "sufficient for considering and deciding the issues on appeal."). In sum, ISR has not demonstrated that the district court clearly abused its discretion to the reasonableness of its fee and cost awards to Fischer or the Heumanns.

Accordingly, in Appeal Nos. 07-1510, 08-1235 and 08-1484, the judgments of the district court are AFFIRMED.

Entered for the Court

Michael W. McConnell
Circuit Judge