Lisa **DORSEY ON BEHALF OF**
a minor J.D., Plaintiff,

v.

**PUEBLO SCHOOL DISTRICT 60, and**
**Board of Education of Pueblo School**
**District Sixty, Defendants.**

Civil Action No. 15–cv–0094–WJM–CBS

United States District Court,
D. Colorado.

Signed August 12, 2016

Collin Joseph Earl, Earl & Earl, PLLC, Colorado Springs, CO, for Plaintiff.

Courtney B. Kramer, Eric Michael Ziporin, Vikrama Shiva Chandrashekar, Senter Goldfarb & Rice, LLC, Denver, CO, for Defendants.

## ORDER ON ATTORNEYS' FEES

William J. Martínez, United States District Judge

In this action, Plaintiff brought claims against Defendants for negligence and under several federal statutes, including Section 504 of the Rehabilitation Act of 1973 ("§ 504"), and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.* The Court previously dismissed all of Plaintiff's claims, but granted leave for her to amend her claims under § 504 and the ADA. (ECF No. 39 at 33.) Plaintiff has since filed a Second Amended Complaint, and her § 504 claim remains pending. (*See* ECF No. 43.)

Now before the Court is Defendants' Motion for Attorney Fees and Costs. (ECF No. 41.) Defendants seek an award of fees and costs pursuant to Colorado Revised Statutes § 13–17–201, which provides for an award of attorneys' fees in certain tort suits if the "action is dismissed . . . under rule 12(b) of the Colorado rules of civil procedure." This provision also applies to Colorado tort claims pending in federal court that are dismissed pursuant to Federal Rule of Civil Procedure 12(b). *See Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, 335 Fed.Appx. 707, 715 (10th Cir. 2009).

However, by its own terms § 13–17–201 applies only when the entire "*action* is dismissed," not when only some *claims* are dismissed. Colo. Rev. Stat. § 13–17–201 (emphasis added). "[T]he statute does not apply if an action contains both tort and non-tort claims and the defendant obtains [Fed. R. Civ. P. 12(b)] dismissal of only the tort claims." *Dubray v. Intertribal Bison Co-op.*, 192 P.3d 604, 607 (Colo. App. 2008); *see also Infant Swimming Research*, 335 Fed.Appx. at 716 ("complete dismissal of all claims" is a "requirement" for fee awards under § 13–17–201). Defendants are therefore not entitled to fees or costs under § 13–17–201 in this case.[1]

---

1. Plaintiff makes no argument against Defendants' claimed entitlement to fees and costs

██ Confusingly, Defendants also claim entitlement to fees under 42 U.S.C. § 1988. (*See* ECF No. 41 at 6–7.) They make no argument how they are the "prevailing party" under that provision, given that Plaintiff's § 504 claim remains pending. They also cite no authority for awarding fees to a defendant in similar circumstances. In any case, award of fees under § 1988(b) is "in [the Court's] discretion," and Defendants offer no good reason the Court should award fees in this situation. *See* 42 U.S.C. § 1988(b); *see also, e.g., Murphy v. Samson Res. Co.*, 954 F.Supp.2d 1295, 1299 (N.D. Okla. 2013) ("Courts apply a dual standard for awarding fees in civil rights actions ... liberal awards for prevailing plaintiffs and limited awards for prevailing defendants." (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978))).

For the reasons set forth, Defendants' Motion For Attorney Fees and Costs (ECF No. 41) is DENIED.

or against the amount they claim, arguing only that such an award would be premature before entry of final judgment. (*See* ECF No. 42.) Ordinarily, the Court would treat this as a forfeiture of any objection to Defendants' claim for fees. The Court is "not charged with making the parties' arguments for them." *Meyer v. Bd. of Cnty. Comm'rs*, 482 F.3d 1232, 1242 (10th Cir. 2007). An award of the full amount claimed by Defendants would be justified in this situation, since Plaintiff has raised no argument against that claim.

Here, however, it is immediately clear that Defendants are not entitled to fees under § 13–17–201. While Plaintiff's own failure to raise an obvious legal argument is inexplicable, the Court will deny Defendant's motion despite this forfeiture—in part because the law does not support Defendants' claim, and in part because this is a simpler resolution than unraveling the parties' arguments about the timing for a fee award, which rest in large part on Colorado procedural law not clearly applicable here. (*See* ECF Nos. 42 & 46.)